**UNITED STATES DISTRICT COURT**
**FOR THE STATE OF RHODE ISLAND**

| | | |
|---|---|---|
| H&H INTERNET, N.V., a Netherlands corporation,<br><br>v.<br><br>P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | Case No.: 04-324-L |

## ANSWER

Defendants PSW, Inc. ("PSW") and John Lombardi ("Lombardi") (collectively "Defendants") hereby serve their Answer to First Amended Complaint.

1. With regard to the allegations in paragraph 1, Defendants admit.

2. With regard to the allegations in paragraph 2, Defendants admit.

3. With regard to the allegations in paragraph 3, sentence one, Defendants have insufficient information to either admit or deny, and on that basis deny. Defendants admit the allegations in the second sentence.

4. With regard to the allegations in paragraph 4, Defendants deny that PSW "owns" the account, but admits all other allegations.

5. With regard to the allegations in paragraph 5, Defendants admit.

6. With regard to the allegations in paragraph 6, Defendants deny on the grounds that the description and calculation are incomplete and inaccurate. Defendants specifically deny the existence of "sub-merchant accounts."

7. With regard to the allegations in paragraph 7, Defendants deny that there were any payments due, as the money had/has not been received from the proper source(s), per the Agreement.

8. With regard to the allegations in paragraph 8, Defendants deny that there were any payments due, as the money had/has not been received from the proper source(s), per the Agreement.

9. With regard to the allegations in paragraph 9, Defendants deny that there were any payments due, as the money had/has not been received from the proper source(s), per the Agreement.

10. With regard to the allegations in paragraph 10,Defendants deny that there were any payments due, as the money had/has not been received from the proper source(s), per the Agreement.

11. With regard to the allegations in paragraph 11, Defendants deny that there were any payments due, as the money had/has not been received from the proper source(s), per the Agreement.

12. With regard to the allegations in paragraph 12, Defendants deny that there were any payments due, as the money had/has not been received from the proper source(s), per the Agreement.

13. With regard to the allegations in paragraph 13, Defendants deny.

14. With regard to the allegations in paragraph 14, Defendants deny all allegations other than the actual text attributed to the notice and Official Statement, and the content of the articles,

which speak for themselves. Defendants specifically deny posting any such information on the GFY bulletin board.

15. With regard to the allegations in paragraph 15, Defendants admit.

16. With regard to the allegations in paragraph 16, Defendants deny.

17. With regard to the allegations in paragraph 17, Defendants deny.

18. With regard to the allegations in paragraph 18, Defendants state that the documents speak for themselves and deny all other allegations.

19. With regard to the allegations in paragraph 19, Defendants admit communicating with LePoutre in November 2003 and assert that the documents speak for themselves. Defendants deny all other allegations.

20. With regard to the allegations in paragraph 20, Defendants admit the first two sentences and deny the third for lack of information.

21. With regard to the allegations in paragraph 21, Defendants deny these statements as being related to settlement discussions.

22. With regard to the allegations in paragraph 22, Defendants admit that a lawsuit was settled but deny that the lawsuit involved Plaintiff.

23. With regard to the allegations in paragraph 23, Defendants admit that a document was sent, but deny that the statement was made to assure Plaintiff that money was forthcoming to Plaintiff as the settlement did not involve Plaintiff's funds.

24. With regard to the allegations in paragraph 24, Defendants deny as these statements as being related to settlement discussions.

25. With regard to the allegations in paragraph 25, Defendants admit that a lawsuit was filed but deny all other allegations.

26. With regard to the allegations in paragraph 26, Defendants deny.

27. With regard to the allegations in paragraph 27, Defendants deny.

28. With regard to the allegations in paragraph 28, Defendants admit that Lombardi is the sole officer, director and shareholder, and CEO of PSW and deny all other allegations.

29. With regard to the allegations in paragraph 29, Defendants state that the document speaks for itself and deny all other allegations.

30. With regard to the allegations in paragraph 30, Defendants incorporate their answers to paragraphs 1 through 29.

31. With regard to the allegations in paragraph 31, Defendants admit.

32. With regard to the allegations in paragraph 32, Defendants deny.

33. With regard to the allegations in paragraph 33, Defendants deny.

34. With regard to the allegations in paragraph 34, Defendants deny.

35. With regard to the allegations in paragraph 35, Defendants incorporate their answers to paragraphs 1 through 34.

36. With regard to the allegations in paragraph 36, Defendants admit.

37. With regard to the allegations in paragraph 37, Defendants deny.

38. With regard to the allegations in paragraph 38, Defendants deny.

39. With regard to the allegations in paragraph 39, Defendants incorporate their answers to paragraphs 1 through 38.

40. With regard to the allegations in paragraph 40, Defendants deny.

41. With regard to the allegations in paragraph 41, Defendants deny.

42. With regard to the allegations in paragraph 42, Defendants deny.

43. With regard to the allegations in paragraph 43, Defendants deny.

44. With regard to the allegations in paragraph 44, Defendants incorporate their answers to paragraphs 1 through 43.

45. With regard to the allegations in paragraph 45, Defendants deny.

46. With regard to the allegations in paragraph 46, Defendants deny.

47. With regard to the allegations in paragraph 47, Defendants incorporate their answers to paragraphs 1 through 46.

48. With regard to the allegations in paragraph 48, Defendants deny.

49. With regard to the allegations in paragraph 49, Defendants deny.

FURTHERMORE, Defendants pray that Plaintiff take nothing by its allegations in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

As for their separate and affirmative defenses to the First Amended Complaint, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State Cause of Action)

The First Amended Complaint, and each and every claim contained therein, fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

(Limitation of Damages)

Plaintiffs' damages are limited by paragraph 11 of the agreement between the parties, which provides, "In no event shall the Company be responsible for consequential damages or punitive or exemplary damages under any circumstances. In no case shall the Client be entitled to recover damages from the Company which exceed the sum of the Margin retained by the Company under this Agreement during the six months prior to the event giving rise to the claim for damages."

**THIRD AFFIRMATIVE DEFENSE**

(Binding Payment Terms)

Defendants' duty, if any, to pay monies to Plaintiff under the agreement are governed by paragraph 6 of the agreement, which provides, "The Company shall pay to the Client, <u>if, as and when received from the Credit Card Service Company</u>, the net amount payable by the Company hereunder with respect to such Customer Charges." (Emphasis added).

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff has failed to mitigate any damages that it may have sustained as a result of the

events alleged in the First Amended Complaint. Therefore, the damages, if any, should be barred or reduced by the amount of such damages that Plaintiff could have avoided.

**FIFTH AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiff is estopped from obtaining the relief set forth in the First Amended Complaint, by virtue of its acts, conduct, representations and admissions.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

Plaintiff's alleged causes of action are barred by the equitable doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff waived the right to the relief set forth in the First Amended Complaint, by virtue of its acts, conduct, representations and admissions.

**EIGHTH AFFIRMATIVE DEFENSE**

(Lack of Causation)

Plaintiff's damages, if any, were proximately caused by the wrongful acts of third persons known to Plaintiff, and not by Defendants, thereby preventing Plaintiff from recovering any amount from Defendants.

**NINTH AFFIRMATIVE DEFENSE**

(No Violation of Duty)

Any duties or obligations, contractual or otherwise, which Plaintiff claims are owed to it by Defendants have been fully performed, satisfied and/or discharged.

**TENTH AFFIRMATIVE DEFENSE**

(Illegality)

Plaintiff, through the conduct of its websites, has violated various State and Federal statutes, which are also violative of their duties under the Processing Agreement.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Excessive Chargebacks)

Plaintiff, through the inappropriate conduct of its business, has suffered excessive chargebacks, which have substantially injured Defendants and have also violated the Processing Agreement.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by reason of the First Amended Complaint;
2. That the First Amended Complaint be dismissed, with prejudice;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

Attorneys for Defendant PSW, Inc. and
John Lombardi

Matthew J. Leonard, Esq. # 6297
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-0300
Facsimile: (401) 453-0073

DAVID PAUL STEINER, Pro Hac Vice approved
CA State Bar # 064638
David Steiner & Associates, a PLC
1925 Century Park East, Suite 2350
Los Angeles, CA 90067
Telephone: (310) 557-8422
Facsimile: (310) 556-0336

**UNITED STATES DISTRICT COURT**
**FOR THE STATE OF RHODE ISLAND**

| | | |
|---|---|---|
| H&H INTERNET, N.V., a Netherlands corporation, | ) | |
| | ) | |
| v. | ) | Case No.: 04-324-L |
| | ) | |
| P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | |

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have, on this date, served a copy of the **ANSWER** on the persons listed below by first-class mail, postage prepaid.

Mark C. Hadden, Esq.
Law Offices of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, RI 02903

Date: June 1, 2005