UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| H&H INTERNET, N.V., a Netherlands corporation, | ) | |
| v. | ) | Case No. 04-324-L |
| P.S.W., INC., a Rhode Island corporation d/b/a PSW BILLING and JOHN LOMBARDI, individually | ) | |

**DEFENDANT'S P.S.W., INC. and JOHN LOMBARDI JOINT RESPONSE TO PLAINTIFF H&H'S MOTION FOR EXTENSION OF TIME TO 2-23-06 TO FILE MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants P.S.W., Inc. and John Lombardi hereby jointly respond to Plaintiff H&H's Motion For Extension Of Time To 2-23-06 To File Memorandum In Opposition To Defendants' Motion For Summary Judgment:

On January 30, 2006, Defendants P.S.W., Inc. and John Lombardi filed with the Court a Motion for Summary Judgment pursuant to FRCP 56 and 56 (d) in the above-entitled matter ("MSJ"). This long stagnant case has drained Defendants' resources long enough and not a single deposition had been taken with the Discovery deadline approaching. Notice of the MSJ was served on Plaintiff by mail on January 30, 2006 and by hand delivery to Plaintiff's Rhode Island counsel on the following day, January 31, 2006. On February 9, 2006, 9 days after service, counsel for both Plaintiff and Defendant exchanged numerous emails concerning the proper date of response and Defendants' counsel gave more time than required as a result of the January 31 service by hand. Thus, Plaintiff had until February 16, 2006, 18 calendar days after the original motion was filed.

Moreover, when written discovery was served upon Defendants on February 2, Defendants rushed to respond before they were due so as to not provide grounds for delay.

Instead of working on the Opposition, Plaintiff's counsel was apparently working on 28 pages of meet-and-confer letters dated February 14, 2006, overwhelmingly related to discovery responses served in early December. It was not until February 15, 2006, the day before Plaintiff's opposition was due, that Defendant received a copy of Plaintiffs' strange "objection" to the MSJ and Motion for Extension of time, which was not filed *ex parte* so as to imply expediency, and not even supported by an affidavit of counsel. As expected, Plaintiff is not filing a timely opposition without this Court's prior order, hoping that the Court will take a long time to rule.

In response to Plaintiff's February 15, 2006 filing, Defendant, the next day, on February 16, 2006 submitted to this Court its response and opposition to Plaintiffs request. Furthermore, after confirmation that the Plaintiff's had not properly responded to the MSJ. Defendant's, on February 22, 2006 filed with the Court a Notice of No Opposition by Plaintiff to the MSJ.

Defendant's respond that this motion, as like the motion by Plaintiff dated February 15, 2005, is improper, serves only to further delay this matter and is in violation of Rule 7(b)(1) and (3) of the U.S. District Court for the District of Rhode Island Local Rules involving Civil Motions.

Rule 7(b) of the U.S. District Court Local Rules state as follows:

**(b) Objections and Replies.**

(1) ...Every objection shall be accompanied by a separate memorandum of law setting forth the reasons for the objection and applicable points and authorities supporting the objection.

...

(3) No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed without prior leave of the Court.

Plaintiff has failed to state a valid reason for its seeking the extension. Furthermore, as was

the case with the February 15, 2006 filing, it has failed to provide any points and authorities in seeking and requesting said extension. Plaintiff has no opposition because it was working on the already-untimely February 14, 2006 letters. By sending such unnecessary and untimely correspondence at the late hour, Plaintiff has painted itself into a corner and should not be allowed to benefit from its own delay.

Furthermore, Plaintiff is not asking for a one-week extension, but rather, three (3) weeks, by asking for the Court to withhold a decision pending the depositions that Plaintiff failed to set all year, and failed to even bring up in discussions until the opposition to the MSJ was due. Defendant Lombardi has been waiting to be deposed for a year. Plaintiff has only now notified Defendant's that one of its affiants and key witnesses, Marc LePoutre, is no longer an employee, so that foreign subpoena process could be commenced. As of this point, Plaintiff's *only* witness is beyond this court's subpoena power for trial.

Under Pioneer Investments v. Brunswick, 507 US 380 (1993), Courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. Plaintiff has neither set forth nor established anything that satisfies this standard, as none of these circumstances exist here.

Plaintiff, in prior requests for continuances from the Court, has blamed concurrent litigation and difficulty procuring responses and information from individuals outside of the United States. This Plaintiff is an Internet-based company that transacts and communicates instantly over the telephone, email and Internet. Geographic hurdles are illegitimate excuses. Furthermore, it is Plaintiff itself that has chosen to avail itself of counsel located in both Rhode Island and California.

Unfortunately, Defendants view this Motion by Plaintiff as yet another delay tactic, as Plaintiff will again receive the benefit of the additional time the Court needs to receive, review and

rule. Plaintiff could have avoided this situation had it pressed its motion *Ex Parte* so as to not prejudice Defendants.

As to the availability of Mr. LePoutre, the fraud and tort-based MSJ sections will not be affected by anything the LePoutre says. These issues can be ruled upon immediately.

It pains the Defendants to point out to the Court that the Plaintiff has wasted its interrogatories trying to uncover information about PSW's other clients and Lombardi's personal finances, rather than seeking details of its processing, or any of the alleged fraudulent misrepresentations. None of the information was withheld, since the Plaintiff did not bother to ask.

In conclusion, Defendants P.S.W., Inc. and Lombardi maintain that the court should deny Plaintiffs Motion for Extension of Time and review and rule on the Defendants' Motion for Summary Judgment without objection by Plaintiff.

Dated: February 24, 2006

Attorneys for Defendants PSW, Inc. and
John Lombardi

MATTHEW J. LEONARD (#6297)
Salter McGowan Sylvia & Leonard, Inc.
The Heritage Building
321 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-0300
Facsimile: (401) 453-0073

DAVID PAUL STEINER, Pro Hoc Vice approved
CA State Bar # 064638
David Steiner & Associates, a PLC
1925 Century Park East, Suite 2350
Los Angeles, CA 90067
Telephone: (310) 557-8422
Facsimile: (310) 556-033

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have, on this date, served a copy of Defendant P.S.W., Inc. and John Lombardi Joint Response To Plaintiff H&H's Motion For Extension of Time To 2-23-2006 To File Memorandum In Opposition To Defendants' Motion for Summary Judgment on the persons listed below by first-class mail, postage prepaid.

Mark C. Hadden, Esq.
Law Offices of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, RI 02903

Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee
15281 Normandie Avenue
Irvine, CA 92604

Date: February 24, 2006

F:\Data\INCORPOR\PSW\H & H Internet\Opp to SECOND motion for extension MSJ.doc