UNITED STATES DISTRICT COURT
FOR THE DISRICT OF RHODE ISLAND

| | | |
|---|---|---|
| H & H INTERNET, N.V., a Netherlands corporation, Plaintiff, | ) | Case No. 04-324L |
| v. | ) | |
| P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | |

**PLAINTIFF H & H INTERNET'S MOTION TO COMPEL DEFENDANTS' ANSWERS TO INTERROGATORIES**

Plaintiff moves to compel full and complete responses to its interrogatories propounded to defendants. In support of this motion, plaintiff submits the attached memorandum of law along with the affidavit of Michael Jason Lee and the exhibits attached thereto.

Respectfully submitted,

H & H INTERNET, N.V.
By its counsel,

Mark C. Hadden #3101
Law Office of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, Rhode Island 02903
401-274-0909
FAX 401-274-5455
mhadden@mhaddenlaw.com

Michael Jason Lee
Law Offices of Michael Jason Lee, APLC
California Bar # 206110
15281 Normandie Avenue
Irvine, California 92604
(949) 551-1575
FAX (949) 551-1590

CERTIFICATION

I certify that a copy of the within pleading was forwarded to the counsel below, by United States mail, postage prepaid, on the 2nd day of March, 2006.

TO:

Matthew J. Leonard Hand Delivery
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street
The Heritage Building
Providence, Rhode Island 02903

David Paul Steiner
David Steiner & Associates, PLC
1925 Century Park East, Suite 2350
Los Angeles, California 90067

UNITED STATES DISTRICT COURT
FOR THE DISRICT OF RHODE ISLAND

| | | |
|---|---|---|
| H & H INTERNET, N.V., a Netherlands corporation,<br><br>Plaintiff,<br><br>v.<br><br>P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | Case No. 04-324L |

**PLAINTIFF H & H INTERNET'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANTS' ANSWERS TO INTERROGATORIES**

## I. DEFENDANTS FAILED TO PROVIDE FULL AND COMPLETE RESPONSES TO THE OVERWHELMING MAJORITY OF SPECIAL INTERROGATORIES PROPOUNDED BY PLAINTIFF

A total of 25 interrogatories were propounded to Defendants P.S.W., Inc. ("PSW") and John Lombardi ("Lombardi") (collectively, "Defendants") by Plaintiff H & H Internet, N.V. ("Plaintiff"). See Exhibit 1 to the Affidavit of Michael Jason Lee ("Lee Affidavit") for a copy of Plaintiff's interrogatories. Regrettably, to date, Defendants failed to provide full and complete responses to the subject discovery. See Exhibit 2 to the Lee Affidavit for a copy of Defendants' responses to Plaintiff's interrogatories. Plaintiff endeavored to resolve all the deficiencies through a comprehensive "meet and confer" letter ("M&C letter"), See Exhibit 3 to the Lee Affidavit for a copy of the M&C letter. Note that the overwhelming majority of reasons set forth below herein regarding why Plaintiff is entitled to additional responses were set forth in full in the M&C letter. The efforts were to no avail; Defendants responded to the M&C letter on

February 17, 2006 in a manner clearly designed to deflect and further delay Plaintiff's efforts to secure discovery to which it is entitled. See Exhibit 4 to the Lee Affidavit for a copy of Defendants' letter of February 17, 2006. As such, Plaintiff has been forced to move forward with this motion to request an Order from the Court compelling full and complete responses from Defendants.

A. *Baseless objections designed to frustrate the discovery process*

Defendants' manifest failure to properly respond to Plaintiff's propounded interrogatories evidences their objective of keeping relevant information out of Plaintiff's proverbial hands. By way of example, Defendants raised an excessive number of objections in their responses – more specifically, approximately 60 objections in response to 25 separate requests. The large majority of the objections were baseless and unmistakably designed to frustrate the discovery process. For example, objections on the grounds of "unduly burdensome" and "designed solely to harass" were raised in Defendants' responses to the following interrogatories: 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 19, 20, 21 and 22. Outside of the generically-stated objections, Defendants have twice failed to articulate any reason why the requests are supposedly "unduly burdensome" or "designed solely to harass." Without exception, Plaintiff's requests seek information that is centrally relevant to its claims that were alleged in detail in its Complaint. Plaintiff provided detailed feedback in its M&C letter in response to Defendants' objections to further highlight the appropriateness of each discovery request and relevancy of the information the request is designed to elicit.

In tandem with the further explanations provided for each of the above-specified interrogatories in section "C" below, Plaintiff requests an Order from the Court compelling Defendants to provide full and complete responses to each without further delay.

B. *Objections based on confidentiality, proprietary and privacy rights*

Defendants raised objections based on requests that supposedly "call for information that is confidential and proprietary" and/or "violates the privacy rights of its clients" in response to request for production numbers 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 19, 20, 21 and 22. Without exception, Defendants failed to articulate in any manner the basis for the confidentiality, proprietary or privacy assertions, instead choosing to rest on a generically stated objection in flat out refusing to provide responsive information. Without exception, Defendants have not offered to provide information responsive to any of the 19 interrogatories in which the objections were raised pursuant to a protective (confidentiality) order.

Notwithstanding the foregoing, Plaintiff offered to enter a protective order with Defendants covering the information responsive to Plaintiff's interrogatories to resolve the purported confidentiality and privacy issues in an expedient manner. Plaintiff's suggestion was ignored. Instead, defense counsel unequivocally conveyed that their clients would refuse to produce responsive information absent a Court Order.

In tandem with the explanations provided for each of the above-specified interrogatories in section "C" below, Plaintiff requests an Order from the Court compelling Defendants to provide full and complete responses to each without further delay.

C. *Responses to be Compelled*

Set forth below are the interrogatories to which Plaintiff asserts full and complete responses are still pending.

INTERROGATORY NO. 3

Please provide a full accounting for all of H & H's processing activities from November 2001 to the present, which should reflect an accounting of H & H's credit card processing

activities, including the number of transactions, transactions approved, dollar volume of transactions approved, all debits and deductions (including chargebacks, refunds, fines and fees), all remittances to H & H and reserve funds taken and held, all of which should summate to a final figure of what PSW acknowledges H & H is owed as of the date this interrogatory is responded to.

RESPONSE TO INTERROGATORY NO. 3

Defendants object that this request is vague and ambiguou2s. Subject to and without waiving the foregoing, Defendants shall produce a summary accounting concerning PSW's credit card activities on behalf of H & H.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

Defendants' basis for claiming Plaintiff's request for a detailed accounting is vague and ambiguous, especially since such accountings are standard and should be readily presentable by a billing company that is keeping accurate records of each of its Clients, is disingenuous. Moreover, Plaintiff did not request a "summary accounting." Instead, it requested a full accounting for all processing activities, which is especially important since the parties' respective accounting figures have them approximately $60,000 apart.

INTERROGATORY NO. 4

If you believe H & H violated any terms of the CONTRACT and/or any other agreement(s) it had with PSW, provide a detailed explanation of each alleged breach (referencing the specific term(s), condition(s) and/or provision(s) in the specified CONTRACT and/or agreement that was allegedly breached).

RESPONSE TO INTERROGATORY NO. 4

Plaintiff as violated paragraph 8 of the agreement by use of unsolicited "spam" e-mail and by excessive chargeback levels.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

Defendants' cite two alleged breaches: unsolicited "spam" e-mail and "excessive chargeback levels." The subject interrogatory sought "a detailed explanation of each alleged breach," which has not been provided. More specifically, Defendants have failed to explain precisely how Plaintiffs allegedly violated an unsolicited "spam" e-mail policy and the precise details of Plaintiff's allegedly excessive chargeback levels. Its response to Plaintiff's M&C letter merely states that, "chargeback data was provided in the summary accounting." This data does not explain how or why this exceeded "excessive chargeback levels" and/or breached any terms of the parties' contract. No explanation whatsoever is provided as how Plaintiff violated an "unsolicited spam e-mail policy."

**INTERROGATORY NOS. 5-8**

INTERROGATORY NO. 5

Identify each and every PSW Client for which PSW once provided credit card processing services, including but in no way limited to processing credit card charges of Client's customers, for the period of November 1, 2001 to November 27, 2003, but not as of November 27, 2003.

INTERROGATORY NO. 6

Identify each and every PSW Client for which PSW once provided credit card processing services, including but in no way limited to processing credit card charges of Client's customers, for the period of November 1, 2001 to November 27, 2003, but not as of November 27, 2003.

INTERROGATORY NO. 7

For each PSW Client that was owed or might be owed monies from November 27, 2003 to the present, identify the sum of (a) all monies that were due or overdue to each Client at the time PSW stopped processing on November 27, 2003 and (b) all monies that had yet to be paid to each Client, which would consist of all unpaid processed funds and the reserve balance for each Client. [H & H recognizes that PSW is contending monies are not due to alleged non receipt of funds from third parties. In responding to this question, H & H is looking for the full liability amount for each Client without any offsets or reductions PSW may have for funds not received from third parties.]

INTERROGATORY NO. 8

Identify the amount paid by or on behalf of PSW to each PSW Client from November 1, 2003 through November 10, 2005, along with a total sum paid to all Clients during the same time period.

RESPONSE TO INTERROGATORY NO. 5-8

Defendants object that this interrogatory calls for information that violates the rights of privacy of the clients of PSW, Inc. Defendants object that this interrogatory is overbroad. Defendants object that this interrogatory is unduly burdensome, and calls for irrelevant information and is thus designed solely to harass. Defendants object that this interrogatory calls for confidential and proprietary information of PSW, Inc.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

Defendants' objection on irrelevancy grounds is erroneous. Among other representations, Defendants' made repeated representations in 2003 & 2004 that it would pay all of its Clients, keep Clients informed of developments, keep Clients' best interests at heart and pay Clients as soon as it was paid. To the direct converse of these representations, Plaintiff

alleges Defendants have failed to follow through on its promises, including failing to pay the overwhelming majority of its hundreds of Clients so much as one penny since processing was terminated in November 2003. Indeed, despite PSW's recovery of approximately one million combined dollars in or about December 2003 & January 2004 from litigation in the Southern District of Florida that was settled in December 2003 (the case was dismissed the same month), Plaintiff alleges the overwhelming majority of funds have been directed into the pockets of Defendants and its attorneys.

This group of interrogatories has sought the names of all Clients to which PSW provided processing services. Following on that information, Plaintiff also seeks to understand the amount that was due, overdue or otherwise yet to be paid to each Client as of November 27, 2003. This request dovetails with one of Plaintiff's central allegations: despite repeated promises to the contrary, Defendants failed to pay the overwhelming majority of its Clients so much as one penny once processing stopped in November 2003. The information sought from these request will enable Plaintiff to analyze amounts paid to PSW Clients owed money since November 27, 2003, including any payments made from the approximately one million dollars PSW recovered in or about December 2003 & January 2004.

Defendants fail to explain how providing a list of monies due to each of its Clients as of the date processing services were terminated, records that must have been maintained in the normal course of business, is unduly burdensome.

INTERROGATORY NO. 9

Identify all PSW income, expenses and disbursements from November 1, 2003 to the present.

RESPONSE TO INTERROGATORY NO. 9

Defendants object that this interrogatory calls for information that violates the rights of privacy of the clients of PSW, Inc. Defendants object that this interrogatory is overbroad. Defendants object that this interrogatory is unduly burdensome, and irrelevant. Defendants objects that this interrogatory calls for confidential and proprietary information of PSW, Inc.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

Defendants' objection on irrelevancy grounds is erroneous. Among other representations, Defendants' made repeated representations in 2003 & 2004 that it would pay all of its Clients, keep Clients informed of developments, keep Clients' best interests at heart and pay Clients as soon as it was paid. To the direct converse of these representations, Plaintiff alleges Defendants have failed to follow through on its promises, including failing to pay the overwhelming majority of its hundreds of merchants so much as one penny since processing was terminated in November 2003. Indeed, despite PSW's recovery of approximately one million combined dollars in or about December 2003 & January 2004, Plaintiff alleges the overwhelming majority of funds have been directed into the pockets of Defendants and its attorneys.

Interrogatories leading up to the subject request have sought (a) the name of all Clients to which PSW provided processing services, (b) the amount that was due, overdue or otherwise yet to be paid to each of PSW's Clients as of November 27, 2003 and (c) the amount that was actually paid to Clients from November 2003 onward. Following on the foregoing requests in a linear fashion, Plaintiff is now seeking to understand where, in fact, funds have been remitted to by or on behalf of PSW from November 27, 2003 onward. Relatedly, have Defendants followed through on their promises to pay Clients monies they are owed? How have Defendants distributed funds received through the settlement of the lawsuit captioned PSW, Inc. v. ECB

Processing, *et al.* that was pending in the Southern District of Florida? How much of these funds went to Lombardi and/or Lombardi affiliated individuals and/or entities? How much of these funds have been spent in litigation PSW v. VISA, *et al.* in Rhode Island? These are a sampling of questions central to Plaintiff's fraud allegations which are clearly relevant and, as a natural extension, within the scope of discoverable information.

**INTERROGATORY NOS. 10-14**

INTERROGATORY NO. 10

Provide a full accounting of all monetary remittances, including but in no way limited to compensation and/or loans, paid by and/or on behalf of PSW and/or any PSW AFFILIATED AND/OR CONTROLLED ENTITIES to LOMBARDI since November 2001 through the present, said accounting specifying the date, amount and nature of each monetary remittance.

INTERROGATORY NO. 11

Provide a full accounting of all monetary remittances, including but in no way limited to compensation and/or loans, paid by and/or on behalf of PSW and/or any PSW AFFILIATED AND/OR CONTROLLED ENTITIES to any company or trust in which LOMBARDI and/or a LOMBARDI family member (including an ex-wife and/or her family members) is or was at any time an officer, director, shareholder and/or signer on any bank account of the company from November 2001 to the present.

INTERROGATORY NO. 12

Provide a full accounting of all monetary remittances, including but in no way limited to compensation and/or loans, paid by and/or on behalf of PSW and/or any PSW AFFILIATED AND/OR CONTROLLED ENTITIES to any company or trust, whereupon that company or trust then remitted funds to LOMBARDI, a LOMBARDI family member (including an ex-wife and/or

her family members) or a company in which LOMBARDI and/or a LOMBARDI family member is or was at any time an officer, director, shareholder and/or signer on any company or trust bank account.

INTERROGATORY NO. 13

Identify all benefits from PSW and/or any PSW AFFILIATED AND/OR CONTROLLED ENTITIES received by LOMBARDI, a LOMBARDI family member (including an ex-wife and/or her family members) or a company in which John LOMBARDI and/or a LOMBARDI family member is or was at any time an officer, director, shareholder and/or signer on any company or trust bank account.

INTERROGATORY NO. 14

Identify by recipient, date of disbursement and disbursement amount each disbursements made by or on behalf of PSW from November 27, 2003 to the present (regardless of where the funds were paid from, including company accounts, client trust accounts or otherwise), including disbursements made to attorneys acting on behalf of PSW and/or LOMBARDI and/or disbursements made to trust accounts by any attorneys acting on behalf of PSW and/or LOMBARDI. Disbursements shall include situations where PSW and/or PSW AFFILIATED AND/OR CONTROLLED ENTITIES authorize or otherwise direct funds to be deposited into the trust account of its attorney(s).

RESPONSE TO INTERROGATORY NOS. 10-14

Defendants object that this interrogatory calls for information that violates Lombardi's and his family's right of privacy. Defendants object that this interrogatory is overbroad. Defendants object that this interrogatory is unduly burdensome and irrelevant. Defendants

object that this interrogatory is solely designed to harass. *Contained in the response to No. 14 only* – Defendants object that this interrogatory violates the attorney client privilege.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

Defendants' objection on irrelevancy grounds is erroneous. Among other representations, Defendants' made repeated representations in 2003 & 2004 that it would pay all of its Clients, keep Clients informed of developments, keep Clients' best interests at heart and pay Clients as soon as it was paid. To the direct converse of these representations, Plaintiff alleges Defendants have failed to follow through on its promises, including failing to pay the overwhelming majority of its hundreds of merchants so much as one penny since processing was terminated in November 2003. Indeed, despite PSW's recovery of approximately one million combined dollars in or about December 2003 & January 2004, Plaintiff alleges the overwhelming majority of funds have been directed into the pockets of Defendants and its attorneys.

This group of interrogatories have sought: (a) the name of all Clients to which PSW provided processing services, (b) the amount that was due, overdue or otherwise yet to be paid to each of PSW's Clients as of November 27, 2003, (c) the amount that was actually paid to Clients from November 2003, (d) disbursements made by or on behalf of PSW from November 27, 2003 onward, (e) disbursements made directly to Lombardi, Lombardi's family members and/or related companies and (f) other PSW disbursements from November 27, 2003 onward – which includes disbursements to attorneys and attorney trust accounts (along with expenditures and disbursements of PSW funds that were deposited into attorney trust accounts) – in order to understand with greater precision how company assets were expended after processing ceased.

Following on the foregoing requests in a linear fashion, Plaintiff is seeking to understand the remittances received indirectly by Lombardi, Lombardi's family members or Lombardi-related companies from PSW and/or PSW affiliated and/or controlled entities. This information is especially relevant in light of Plaintiff's concern that while PSW Clients remained unpaid, Lombardi and/or related parties (directly or indirectly) continued to receive substantial remittances, which is all the more relevant since Defendants made various representations about not paying themselves and prioritizing the interests of its Clients. Given what Plaintiff alleges are systematic misrepresentations by Lombardi in the past, most of which involve financial matters, Plaintiff is entitled to explore the remittances to the afore-noted parties. Any such remittances could constitute the improper remittance of funds that should have been paid to Plaintiff, which Plaintiff is entitled to explore in attempting to recover funds it is owed.

Defendants fail to explain how providing information concerning company disbursements – information PSW would have maintained in the normal course of its business affairs – is unduly burdensome.

**INTERROGATORY NOS. 15-16**

INTERROGATORY NO. 15

Identify the amount of money PSW and/or PSW AFFILIATED AND/OR CONTROLLED ENTITIES received vis-à-vis the settlement of the PSW FLORIDA LAWSUIT, including a breakdown of the dates each payment was made to PSW in satisfaction of the settlement, the entity who made the payment, to where the payment was made, how funds from the settlement were disbursed, the amount of funds remaining from the settlement and the location of these funds.

INTERROGATORY NO. 16

Identify the amount of money PSW MERCHANT SERVICES, LTD. received vis-à-vis the settlement of the PSW FLORIDA LAWSUIT, including a breakdown of the dates each payment was made to PSW in satisfaction of the settlement, the entity who made the payment, to where the payment was made, how funds from the settlement were disbursed, the amount of funds remaining from the settlement and the location of these funds.

RESPONSE TO INTERROGATORY NOS. 15-16

Defendants object that this interrogatory is overbroad. Defendants further object that this request is improperly compound. Subject to and without waiving the foregoing, Defendants respond as follows:

As Plaintiff is well aware, PSW is the defendant in the ongoing PSW FLORIDA LAWSUIT, as defined, and thus received no money.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

In its original interrogatories, Plaintiff mistakenly defined "PSW FLORIDA LAWSUIT" as a case where Defendants are *being sued* by three Clients of PSW. In its M&C letter, Plaintiff clarified it was seeking information relating to PSW's settlement of another case filed in Florida captioned PSW, Inc. v. ECB Processing, *et al.* In the subject case, PSW was the Plaintiff and reached a settlement with multiple Defendants wherein it reportedly received approximately one million dollars.

In its responsive M&C letter, Defendants take the position that since Plaintiff allegedly was not owed money from ECB processing in December 2003 (defense counsel put December 2004, but meant December 2003 as the month the ECB settlement was reached), it is not entitled to know the amount of the settlement, when settlement proceeds were received and how

settlement proceeds were distributed thereafter. See Exhibit 2 to the Lee Affidavit for a copy of Defendants' responsive M&C letter dated February 17, 2006. Defendants' position is a sham specifically designed to avoid the production of clearly relevant information. Defendants readily acknowledged to Plaintiff's representatives that Plaintiff was owed money from ECB processing and promised to pay Plaintiff what it was owed when a settlement was reached. A settlement was reached in December 2003, and funds were received by PSW in the same month. Defendants continued assuring Plaintiff in January 2004 that it would be paid funds when it received the settlement funds, yet somehow failed to inform Plaintiff that settlement funds had already been received the prior month. An investigator for Plaintiff learned that PSW had received funds in December 2003. When the same was brought to the attention of Defendants, they went silent and inexplicably failed to remit any funds to Plaintiff. In December 2005, approximately two years later, Defendants for the first time advised Plaintiff that it did not remit any funds from the ECB settlement because Plaintiff had purportedly already been paid in full from ECB processing. As negated in more complete detail in its Opposition to Defendants' Motion for Summary Judgment, their position is patently incorrect and merely designed to obstruct their obligation to produce information detailing how the settlement funds were distributed. Defendants' strenuous efforts to side-step this obligation further evidences Plaintiff's very strong suspicions that Defendants failed to remit funds to its clients (Plaintiff and hundreds of other merchants) as it repeatedly – and fraudulently – told their merchants it would. Instead, Plaintiff asserts that Defendants misappropriated the funds and are doing everything in their power to avoid disclosing how the funds were (or more precisely, were not) distributed because it would substantiate Plaintiff's theory.

INTERROGATORY NO. 20

From November 1, 2001 to the present, identify each acquiring bank in which PSW or any PSW AFFILIATED AND/OR CONTROLLED ENTITIES used to process its Clients' customers' credit card transactions and the time periods that PSW or any PSW AFFILIATED AND/OR CONTROLLED ENTITIES processed credit transactions with each identified acquiring bank.

RESPONSE TO INTERROGATORY NO. 20

Defendants object that this interrogatory is unduly burdensome. Defendants object that this interrogatory is overbroad. Defendants object that this interrogatory is unduly burdensome, and irrelevant. Defendants object that this interrogatory calls for confidential and proprietary information of PSW, Inc. Subject to and without waiving the foregoing, PSW processed Plaintiff's transactions through Leumi Bank, First Data and Eshax.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

In its letter responsive to the M&C letter, defense counsel states, "PSW will not identify other banks, if any exist, that have nothing to do with H&H's transactions." Defendants appear to forget that they are being sued for fraud, which includes fraudulent misrepresentations as to material facts relating to financial transactions. Defendants assert in their discovery responses that PSW only processed Plaintiff's payment transactions through three entities. Plaintiff believes Defendants continue to misrepresent facts to this very day, especially as they pertain to their obligations to pay monies to Plaintiff that are more than two years overdue, meaning they certainly are not going to take Defendants' representations at face value. To this end, Plaintiff is entitled to understand each acquiring bank that PSW processed its Clients payment transactions through in an effort to determine if additional monies Defendants received were improperly not remitted to Plaintiff. Moreover, Plaintiff is also entitled to explore the number of banks PSW

had available for processing transactions in mid-2003 when it reported to its Clients that its operations were running at full speed.

Respectfully submitted,

H & H INTERNET, N.V.
By its counsel,

Mark C. Hadden #3101
Law Office of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, Rhode Island 02903
401-274-0909
FAX 401-274-5455
mhadden@mhaddenlaw.com

Michael Jason Lee
Law Offices of Michael Jason Lee, APLC
California Bar # 206110
15281 Normandie Avenue
Irvine, California 92604
(949) 551-1575
FAX (949) 551-1590

CERTIFICATION

I certify that a copy of the within pleading was forwarded to counsel below, by United States mail, postage prepaid, on the 2 day of March, 2006.

TO:

Matthew J. Leonard
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street
The Heritage Building
Providence, Rhode Island 02903

David Paul Steiner
David Steiner & Associates, PLC
1925 Century Park East, Suite 2350
Los Angeles, California 90067