FILED
MAR 0 2 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISRICT OF RHODE ISLAND

| | | |
|---|---|---|
| H & H INTERNET, N.V., a Netherlands corporation, Plaintiff, | ) | Case No. 04-324L |
| v. | ) | |
| P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | |

**PLAINTIFF H & H INTERNET N.V.'S MOTION TO COMPEL RESPONSES TO ITS DOCUMENT PRODUCTION REQUESTS (SET ONE)**

Plaintiff moves to compel full and complete responses to its first set of document production requests. In support of the same, it submits to the Court the attached memorandum of law, along with the affidavit of Michael Jason Lee and the exhibits attached thereto.

Respectfully submitted,

H & H INTERNET, N.V.
By its counsel,

Mark C. Hadden #3101
Law Office of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, Rhode Island 02903
401-274-0909
FAX 401-274-5455
mhadden@mhaddenlaw.com

Michael Jason Lee
Law Offices of Michael Jason Lee, APLC
California Bar # 206110
15281 Normandie Avenue
Irvine, California 92604
(949) 551-1575
FAX (949) 551-1590

CERTIFICATION

I certify that a copy of the within pleading was forwarded to the counsel below, by United States mail, postage prepaid, on the 2nd day of March, 2006.

TO:

Matthew J. Leonard Hand Delivery mail
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street
The Heritage Building
Providence, Rhode Island 02903

David Paul Steiner
David Steiner & Associates, PLC
1925 Century Park East, Suite 2350
Los Angeles, California 90067

UNITED STATES DISTRICT COURT
FOR THE DISRICT OF RHODE ISLAND

FILED
MAR 0 2 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| H & H INTERNET, N.V., a Netherlands corporation, Plaintiff, v. P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | Case No. 04-324L |

**PLAINTIFF H & H INTERNET'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO ITS DOCUMENT PRODUCTION REQUESTS (SET ONE)**

## I. DEFENDANTS FAILED TO PROVIDE FULL AND COMPLETE RESPOSES TO THE OVERWHELMING MAJORITY OF DOCUMENT PRODUCTION REQUESTS (SET ONE) PROPOUNDED BY PLAINTIFF

A total of 35 document production requests were propounded on Defendants P.S.W., Inc. ("PSW") and John Lombardi ("Lombardi") (collectively, "Defendants") by Plaintiff H & H Internet, N.V. ("Plaintiff"). See Exhibit 1 to the Affidavit of Michael Jason Lee ("Lee Affidavit") for a copy of Plaintiff's first set of document production requests. Regrettably, to date, Defendants failed to provide full and complete responses to the subject discovery. See Exhibit 2 to the Lee Affidavit for a copy of Defendants' responses to Plaintiff's first set of document production requests. Plaintiff endeavored to resolve all the deficiencies through a comprehensive "meet and confer" letter ("M&C letter"), See Exhibit 3 to the Lee Affidavit.

Note that the overwhelming majority of reasons set forth below herein regarding why Plaintiff is entitled to additional responses were set forth in full in the M&C letter. The efforts were to no avail; Defendants responded to the M&C letter on February 17, 2006 in a manner clearly designed to deflect and further delay Plaintiff's efforts to secure discovery to which it is entitled. See Exhibit 4 to the Lee Affidavit for a copy of Defendants' letter of February 17, 2006. As such, Plaintiff has been forced to move forward with this motion to request an Order from the Court compelling full and complete responses from Defendants.

A. *Promised documents that have not been forthcoming*

Complete responses were due on December 14, 2005. Defendants indicated in various responses that responsive documents would be produced, namely in their responses to request for production numbers 1, 3, 4, 19, 20, 21, 22, 23, 24, 25, 28, 29, 30, 31 & 33. Two-and-a-half months have elapsed since this representation was made, yet full and complete responses to these document production requests still have not been made.

In tandem with the explanations provided for many of the above-specified interrogatories in section "E" below, Plaintiff requests an Order from the Court compelling Defendants to provide full and complete responses to each without further delay.

B. *Objections based on attorney client privilege and/or attorney work product protection*

Defendants raised objections in their responses to request for production numbers 3, 10 & 35 on the grounds of attorney client privilege and attorney work product protection. First, privilege objections do not excuse a failure to produce non-privileged documents. Second, a complete privilege log must be produced for any documents withheld so Plaintiff can evaluate the merits of the claimed privilege and, if necessary, contest the same. Defendants neither produced a privilege log nor in response to the M&C letter explicitly requesting the same.

In tandem with the additional explanations provided for each of the above-specified interrogatories in section "C" below, Plaintiff requests an Order from the Court compelling Defendants to provide full and complete responses to each without further delay.

C. *Baseless objections designed to frustrate the discovery process*

Plaintiff submits that Defendants manifest failure to properly respond to Plaintiff's document production requests clearly evidences their objective of keeping relevant documentation out of Plaintiff's proverbial hands. But one of several reasons for Plaintiff's belief is the volume and nature of objections Defendants raised.

Defendants raised an exorbitant number of objections in their responses – more specifically, approximately 130 objections in response 35 separate requests. The large majority of the objections were baseless and unmistakably designed to frustrate the discovery process. For example, objections on the grounds of "unduly burdensome" and "designed solely to harass" were raised in Defendants' responses to the following document production request numbers: 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31 and 32. Outside of the generically-stated objections, Defendants have twice failed to articulate any reason why the requests were supposedly "unduly burdensome" or "designed solely to harass." Without exception, Plaintiff's requests seek information and documentation that are relevant to its claims that were alleged in considerable detail in its Complaint. Plaintiff provided detailed feedback in response to Defendants' objections in its M&C letter to further highlight the appropriateness of each discovery request and relevancy of the documentation that the request was designed to elicit.

D. *Objections based on confidentiality, proprietary and privacy rights*

Defendants raise objections based on requests that supposedly "call for information that is confidential and proprietary" and/or "violates the privacy rights of its clients" in response to request for production numbers 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 19, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31 and 32. Without exception, Defendants failed to articulate in any manner the basis for the confidentiality, proprietary or privacy assertions. With one exception (request 28), Defendants have not offered to produce documents to any of the 24 requests in which the objections were raised pursuant to a protective (confidentiality) order.

Notwithstanding the foregoing, Plaintiff offered to enter a protective order with Defendants covering the document responsive to Plaintiff's document production request to resolve the purported confidentiality and privacy issues in an expedient manner. Plaintiff's suggestion was ignored. Instead, defense counsel unmistakably conveyed that their clients would refuse to produce responsive information absent a Court Order.

In tandem with the additional explanations provided for most of the above-specified interrogatories in section "E" below, Plaintiff requests an Order from the Court compelling Defendants to provide full and complete responses to each without further delay.

C. *Responses to be Compelled*

Set forth below are the document production requests to which Plaintiff asserts full and complete responses are still pending.

REQUEST FOR PRODUCTION NO. 3

Any and all DOCUMENTS, including but in no way limited to agreements, credit card processing statements and correspondence, sent to and received from YOU and H & H, from January 1, 2001 to the present. Your response shall also include all notes, memoranda and the like relating to all communications between YOU and H & H.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Defendants object that these documents are equally in the control of Plaintiff. Defendants further object that this Request is compound, as the first sentence and second sentence refer to different categories of documents. Defendants object that this Request calls for documents protected by the attorney client privilege and the attorney work product protection. Subject to and without waiving the foregoing, Defendants respond as follows:

Defendants will produce all responsive documents in their possession, custody or control that were sent to or received from Plaintiff.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

Plaintiff and Defendants are approximately $60,000 apart in their respective calculations of the balance of funds not paid to Plaintiff. In addition, there is sharp discrepancy between what each of the parties claim was promised and represented by Defendants to Plaintiff, both orally and in writing. As a logical extension, it is highly unlikely that Plaintiff and Defendants are working from the same documentation given the sharp discrepancy in their respective positions, further meaning the records being sought by this request are not "equally in control of Plaintiff." Quite simply, Plaintiff wishes to see all documents in Defendants' possession responsive to this request in an effort to better understand the basis for the positions they have taken in this litigation.

REQUEST FOR PRODUCTION NO. 5

All DOCUMENTS sufficient to identify each and every PSW Client (commonly referred to as the "merchant" in the merchant processing industry) for which PSW was providing credit card processing services, including but in no way limited to processing credit card charges of Client's customers, as of November 27, 2003.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Defendants object that this Request violates the rights of privacy of its clients. Defendants further object that this Request calls for information that is confidential and proprietary. Defendants further object that this Request calls for information that is irrelevant. Defendants object that this Request is overbroad. Defendants further object that this request is unduly burdensome, and is designed solely to harass.

WHY A FURTHER RESPONSE IS NECESSARY

Defendants' objection on irrelevancy grounds, in addition to their position that "[h]ow each of these obligations were handled is [Defendants'] business, not H&H's," are erroneous. Among other representations, Defendants' made repeated representations in 2003 & 2004 that it would pay all of its Clients, keep Clients informed of developments, keep Clients' best interests at heart and pay Clients as soon as it was paid. To the direct converse of these representations, Plaintiff alleges Defendants have failed to follow through on its promises, including failing to pay the overwhelming majority of its hundreds of Clients so much as one penny since processing was terminated in November 2003. Indeed, despite PSW's recovery of approximately one million combined dollars in or about December 2003 & January 2004, Plaintiff alleges the overwhelming majority of funds have been directed into the pockets of Defendants and its attorneys.

Plaintiff is entitled to discover all of PSW's Clients as of the date PSW stopped processing, as this will serve as the foundation from which Plaintiff can further explore how Defendants handled their obligations to said parties. Moreover, since PSW relies heavily on supposed non-receipt of funds to explain why Clients have not been paid, this will enable H & H

to discover whether PSW has paid Clients from the approximately one million dollars in funds it received in or about December 2003 & January 2004.

Defendants certainly should be able to access the requested documentation from its already existing records that it must have maintained in the normal course of their business, meaning it certainly should not be unduly burdensome to produce to Plaintiff.

REQUEST FOR PRODUCTION NO. 6

All DOCUMENTS sufficient to identify each and every PSW Client for which PSW once provided credit card processing services, including but in no way limited to processing credit card charges of Client's customers, prior to November 27, 2003, but not as of November 27, 2003.

RESPONSE TO REQUEST FOR PRODUCTIN NO. 6

Defendants object that this Request violates the rights of privacy of its clients. Defendants further object that this Request calls for information that is confidential and proprietary. Defendants further object that this Request calls for information that is irrelevant. Defendants further object that this request is unduly burdensome, and is designed solely to harass. Defendants further object that this Request is overbroad as to scope. Defendants further object that this Request is vague and ambiguous as to the same time frame.

WHY A FURTHER RESPONSE IS NECESSARY

Defendants' objection on irrelevancy grounds is erroneous. Among other representations, Defendants' made repeated representations in 2003 & 2004 that it would pay all of its Clients, keep Clients informed of developments, keep Clients' best interests at heart and pay Clients as soon as it was paid. To the direct converse of these representations, Plaintiff alleges Defendants have failed to follow through on its promises, including failing to pay the

overwhelming majority of its hundreds of Clients so much as one penny since processing was terminated in November 2003. Indeed, despite PSW's recovery of approximately one million combined dollars in or about December 2003 & January 2004, Plaintiff alleges the overwhelming majority of funds have been directed into the pockets of Defendants and its attorneys. Plaintiff is entitled to discover all of the Clients PSW once had that were not processing as of the date PSW stopped providing processing services, as this will serve as the foundation from which Plaintiff can further explore how Defendants handled their obligations to said parties. Moreover, since PSW relies heavily on supposed non-receipt of funds to explain why Clients have not been paid, this will enable H & H to discover whether PSW has paid Clients from the approximately one million dollars in funds it received in or about December 2003 & January 2004.

Defendants also object due to a supposed ambiguity relating to time frame. As stated in the subject request, Plaintiff is seeking the name of every Client PSW provided processing services for that was not a Client as of November 27, 2003. Conversely, request for production no. 5 covers all Clients that PSW was provided processing services to as of November 27, 2003. If Defendants prefer (namely if it would be simpler), they can produce a consolidated list of all Clients, along with a corresponding entry reflecting the date each Client stopped processing with PSW.

Defendants certainly should be able to access the requested documentation from its already existing records that it must have maintained in the normal course of their business, meaning it certainly should not be unduly burdensome to produce to Plaintiff.

REQUEST FOR PRODUCTION NO. 7

All DOCUMENTS sufficient to identify (a) all monies that were due or overdue to each Client at the time PSW stopped processing on November 27, 2003 and (b) all monies that had yet to be paid to each Client, which would consist of all unpaid processed funds and the reserve balance for each Client. [H & H recognizes that PSW is contending monies are not due to alleged non receipt of funds from third parties. In responding to this question, H & H is looking for the full liability amount for each Client without any offsets or reductions PSW may have for funds not received from third parties.]

RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Defendants object that this Request is compound. Defendants object that this Request violates the rights of privacy of its clients. Defendants object that this Request calls for information that is confidential and proprietary. Defendants further object that this Request calls for information that is irrelevant. Defendants further object that this request is unduly burdensome, and is designed solely to harass. Defendants further object that this Request is overbroad as to time and scope.

WHY A FURTHER RESPONSE IS NECESSARY

Defendants' objection on irrelevancy grounds is erroneous. Among other representations, Defendants' made repeated representations in 2003 & 2004 that it would pay all of its Clients, keep Clients informed of developments, keep Clients' best interests at heart and pay Clients as soon as it was paid. To the direct converse of these representations, Plaintiff alleges Defendants have failed to follow through on its promises, including failing to pay the overwhelming majority of its hundreds of merchants so much as one penny since processing was terminated in November 2003. Indeed, despite PSW's recovery of approximately one million

combined dollars in or about December 2003 & January 2004, Plaintiff alleges the overwhelming majority of funds have been directed into the pockets of Defendants and its attorneys.

Document requests leading up to the subject request have sought the names of all Clients to which PSW provided processing services. Following on that information, Plaintiff is now seeking to understand the amount that was due, overdue or otherwise yet to be paid to each Client as of November 27, 2003. This request dovetails with one of Plaintiff's central allegations: despite repeated promises to the contrary, Defendants fraudulently failed to pay the overwhelming majority of its Clients so much as one penny once processing stopped in November 2003. The information received from this request, coupled with the information received from the foregoing and following document production requests, will enable Plaintiff to analyze amounts paid to PSW Clients owed money since November 27, 2003, including any payments made from the approximately one million dollars recovered in or about December 2003 & January 2004.

Defendants object because the request is supposedly "overbroad as to time and scope." To the contrary, this request is quite specific: Plaintiff is seeking information relating to monies owed, overdue or otherwise unpaid to its Clients as of a date certain – November 27, 2003.

Defendants fail to explain how providing a list of monies due to each of its Clients as of the date processing services were terminated – records that must have been maintained in the normal course of business – is unduly burdensome.

REQUEST FOR PRODUCTION NO. 8

All DOCUMENTS sufficient to identify the amount paid by or on behalf of PSW to each and every PSW Client from November 1, 2003 through November 10, 2005.

RESPONSE TO REUEST FOR PRODUCTION NO. 8

Defendants object that this Request violates the rights of privacy of its clients. Defendants further object that this Request calls for information that is confidential and proprietary. Defendants further object that this Request calls for information that is irrelevant. Defendants object that this Request is overbroad. Defendants further object that this request is unduly burdensome, and is designed solely to harass.

WHY A FURTHER RESPONSE IS NECESSARY

Defendants' objection on irrelevancy grounds is erroneous. Among other representations, Defendants' made repeated representations in 2003 & 2004 that it would pay all of its Clients, keep Clients informed of developments, keep Clients' best interests at heart and pay Clients as soon as it was paid. To the direct converse of these representations, Plaintiff alleges Defendants have failed to follow through on its promises, including failing to pay the overwhelming majority of its hundreds of merchants so much as one penny since processing was terminated in November 2003. Indeed, despite PSW's recovery of approximately one million combined dollars in or about December 2003 & January 2004, Plaintiff alleges the overwhelming majority of funds have been directed into the pockets of Defendants and its attorneys.

Document requests leading up to the subject request have sought (a) the name of all Clients to which PSW provided processing services and (b) the amount that was due, overdue or otherwise yet to be paid to each of PSW's Clients as of November 27, 2003. Following on the foregoing requests in a linear fashion, Plaintiff is now seeking to understand what payments Defendants made to each of its Clients since PSW terminated its processing services (November 27). This dovetails with one of Plaintiff's central allegations: despite repeated promises to the

contrary, Defendants fraudulently failed to pay the overwhelming majority of its merchants so much as one penny since processing stopped in November 2003. The information received from this request, coupled with the information received from the foregoing requests, will enable Plaintiff to analyze amounts paid to PSW Clients owed money since November 27, 2003, including any payments made from the approximately one million recovered in or about December 2003 & January 2004.

Defendants object because the request is supposedly "overbroad as to time and scope." The request is quite specific: Plaintiff is seeking information relating to monies paid to its Clients from November 1, 2003, which targets the time frame in which Defendants promised its Clients it would do its best to secure and remit 100% of the funds its Clients were owed.

Defendants fail to explain how providing a list of monies paid to each of its Clients from November 1, 2003 onward, which they should be able to readily access if standard records were maintained in the normal course of business, is unduly burdensome.

REQUEST FOR PRODUCTION NO. 9

All written correspondence from January 1, 2003 to and from Clients that PSW once provided credit card processing services to that in any way relates to payments owing to and/or demanded by the Client, along with any correspondence to and from the Clients from same time period where the Client is requesting information relating to payments from PSW.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Defendants object that this Request violates the rights of privacy of its clients. Defendants further object that this Request calls for information that is confidential and proprietary. Defendants further object hat this Request calls for information that is irrelevant.

Defendants further object that this request is unduly burdensome, and is designed solely to harass. Defendants further object that this Request is overbroad as to time and scope

WHY A FURTHER RESPONSE IS NECESSARY

Defendants' objection on irrelevancy grounds is erroneous. Among other representations, Defendants' made repeated representations in 2003 & 2004 that it would pay all of its Clients, keep Clients informed of developments, keep Clients' best interests at heart and pay Clients as soon as it was paid. To the direct converse of these representations, Plaintiff alleges Defendants have failed to follow through on its promises, including failing to pay the overwhelming majority of its hundreds of merchants so much as one penny since processing was terminated in November 2003. Indeed, despite PSW's recovery of approximately one million combined dollars in or about December 2003 & January 2004, Plaintiff alleges the overwhelming majority of funds have been directed into the pockets of Defendants and its attorneys.

Document requests leading up to the subject request have sought: (a) the name of all Clients to which PSW provided processing services, (b) the amount that was due, overdue or otherwise yet to be paid to each of PSW's Clients as of November 27, 2003, and (c) the amount that was actually paid to Clients from November 2003 onward. Following on the foregoing requests in a linear fashion, Plaintiff is now seeking to understand what communications Defendants had with its Clients relating to monies Clients had yet to receive. This will enable Plaintiff to further explore its allegations that Defendants made misrepresentations to Clients, both publicly and privately, regarding its ability and intentions to pay monies due to Clients.

Defendants fail to explain how producing correspondence exchanged with Clients regarding payment issues is "unduly burdensome," especially when weighed against the fact that

several of the central issues in dispute are Defendants alleged misrepresentations to Clients regarding the financial viability of PSW, including its ability to recover from delinquent payments and sustain timely payments in the future, and their intentions to pay back monies owed to Clients.

REQUEST FOR PRODUCTION NO. 10

Beyond those payments to PSW Clients, all DOCUMENTS sufficient to identify all disbursements made by or on behalf of PSW from November 27, 2003 to the present, including disbursements made to attorneys acting on behalf of PSW and/or LOMBARDI.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Defendants object that this Request violates the rights of privacy of its clients and Lombardi. Defendants further object that this Request calls for information that is confidential and proprietary. Defendants further object hat this Request calls for information that is irrelevant. Defendants further object that this request is unduly burdensome, and is designed solely to harass. Defendants further object that this Request violates the attorney-client privilege.

WHY A FURTHER RESPONSE IS NECESSARY

Defendants' objection on irrelevancy grounds is erroneous. Among other representations, Defendants' made repeated representations in 2003 & 2004 that it would pay all of its Clients, keep Clients informed of developments, keep Clients' best interests at heart and pay Clients as soon as it was paid. To the direct converse of these representations, Plaintiff alleges Defendants have failed to follow through on its promises, including failing to pay the overwhelming majority of its hundreds of merchants so much as one penny since processing was terminated in November 2003. Indeed, despite PSW's recovery of approximately one million

combined dollars in or about December 2003 & January 2004, Plaintiff alleges the overwhelming majority of funds have been directed into the pockets of Defendants and its attorneys.

Document requests leading up to the subject request have sought: (a) the name of all Clients to which PSW provided processing services, (b) the amount that was due, overdue or otherwise yet to be paid to each of PSW's Clients as of November 27, 2003, and (c) the amount that was actually paid to Clients from November 2003 onward. Following on the foregoing requests in a linear fashion, Plaintiff is now seeking to understand where, in fact, funds have been remitted to by or on behalf of PSW from November 27, 2003 onward. Have Defendants followed through on their promises to pay Clients monies they are owed? How have Defendants distributed funds received through the settlement of the Florida lawsuit litigation captioned PSW, Inc. v. ECB Processing, *et al.*? How much of these funds went to Lombardi and/or Lombardi affiliated individuals and/or entities? How much of these funds have been spent in litigation PSW v. VISA, *et al.* in Rhode Island? These are a sampling of questions central to Plaintiff's fraud allegations which are clearly relevant and, as a natural extension, within the scope of discoverable information and documentation.

**REQUEST FOR PRODUCTION NOS. 12-16**

REQUEST FOR PRODUCTION NO. 12

All DOCUMENTS specific enough to identify all remittances, including but in way limited to compensation and/or loans, paid by PSW and/or any PSW AFFILIATED AND/OR CONTROLLED ENTITIES to LOMBARDI from June 2001 to the present.

REQUEST FOR PRODUCTION NO. 13

All DOCUMENTS specific enough to identify all remittances, including but in no way limited to compensation and/or loans, paid by PSW and/or any PSW AFFILIATED AND/OR CONTROLLED ENTITIES to a family member or former family member of LOMBARDI (including an ex-wife and/or her family members) from June 2001 to the present.

REQUEST FOR PRODUCTION NO. 14

All DOCUMENTS specific enough to identify all monetary remittances, including but in no way limited to compensation and/or loans, paid by PSW and/or any PSW AFFILIATED AND/OR CONTROLLED ENTITIES to any company in which LOMBARDI and/or a LOMBARDI family member (including an ex-wife and/or her family members) is or was at any time an officer, director, shareholder and/or signer on any bank account of the company from June 2001 to the present.

REQUEST FOR PRODUCTION NO. 15

All DOCUMENTS specific enough to identify all monetary remittances, including but in no way limited to compensation and/or loans, paid by PSW and/or any PSW AFFILIATED AND/OR CONTROLLED ENTITIES to any company or trust, whereupon that company or trust then remitted funds to LOMBARDI, a LOMBARDI family member (including an ex-wife and/or her family members) or a company in which LOMBARDI and/or a LOMBARDI family member is or was at any time an officer, director, shareholder and/or signer on any company or trust bank account.

REQUEST FOR PRODUCTION NO. 16

To the extent not already covered by request for production numbers 12-15, all DOCUMENTS specific enough to identify all benefits from PSW and/or any PSW

AFFILIATED AND/OR CONTROLLED ENTITIES received by LOMBARDI, a LOMBARDI family member (including an ex-wife and/or her family members) or a company in which John Lombardi and/or a LOMBARDI family member is or was at any time an officer, director, shareholder and/or signer on any company or trust bank account.

RESPONSE TO REQUEST FOR PRODUCTION NOS. 12-16

Defendants object that this Request violates the right of privacy of Lombardi, his ex-wife and Lombardi's family. Defendants further object that this Request called for information that is confidential and proprietary. Defendants object that this Request is overbroad. Defendants further object that this Request calls for information that is irrelevant. Defendants further object that this request is unduly burdensome, and is designed solely to harass. *Contained in the response to Nos. 14-16 only* – Defendants object that this Request is overbroad.

WHY A FURTHER RESPONSE IS NECESSARY

Defendants' objection on irrelevancy grounds is erroneous. Among other representations, Defendants' made repeated representations in 2003 & 2004 that it would pay all of its Clients, keep Clients informed of developments, keep Clients' best interests at heart and pay Clients as soon as it was paid. To the direct converse of these representations, Plaintiff alleges Defendants have failed to follow through on its promises, including failing to pay the overwhelming majority of its hundreds of merchants so much as one penny since processing was terminated in November 2003. Indeed, despite PSW's recovery of approximately one million combined dollars in or about December 2003 & January 2004, Plaintiff alleges the overwhelming majority of funds have been directed into the pockets of Defendants and its attorneys.

Document requests in this series seek to identify: (a) the name of all Clients to which PSW provided processing services, (b) the amount that was due, overdue or otherwise yet to be paid to each of PSW's Clients as of November 27, 2003, (c) the amount that was actually paid to Clients from November 2003, (d) disbursements made by or on behalf of PSW from November 27, 2030 onward, (e) disbursements made to Lombardi, Lombardi's family members and/or Lombardi-related companies, and (f) remittances received by any companies and/or trusts that then remitted funds to Lombardi, Lombardi's family members and/or companies to which Lombardi and/or Lombardi's family members have or had an affiliation. This information is especially relevant in light of Plaintiff's concern that while PSW Clients remained unpaid, Lombardi and/or related parties (directly or indirectly) continued to receive substantial remittances, which is all the more relevant since Defendants made various representations about not paying themselves and prioritizing the interests of its Clients. Given what Plaintiff alleges are systematic misrepresentations by Lombardi in the past, most of which involve financial matters, Plaintiff is entitled to explore the amount of remittances that went to Lombardi and related parties – either directly or through circuitous routes. Any such remittances could constitute the improper remittance of funds that should have been paid to Plaintiff, which Plaintiff is entitled to explore in attempting to recover funds it is owed.

Defendants fail to explain how producing records concerning company remittances to a narrowly defined grouping of third parties – records PSW must have maintained in the normal course of its business affairs – is unduly burdensome.

**REQUEST FOR PRODUCTION NO. 19-25**

REQUEST FOR PRODUCTION NO. 19

Any and all DOCUMENTS, including but in no way limited to agreements and correspondence, exchanged between YOU and VISA, for the period of November 1, 2001 to the present: (a) that in any way relate to services that PSW provided to H & H, and (b) that in any way relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H.

REQUEST FOR PRODUCTION NO. 20

Any and all DOCUMENTS, including but in no way limited to agreements and correspondence, sent to and received from YOU and MASTERCARD, for the period of November 1, 2001 to the present: (a) that in any way relate to services that PSW provided to H & H, and (b) that in any way relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H.

REQUEST FOR PRODUCTION NO. 21

Any and all DOCUMENTS, including but in no way limited to agreements and correspondence, sent to and received from YOU and FFB, for the period of November 1, 2001 to the present: (a) that in any way relate to services that PSW provided to H & H, and (b) that in any way relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H.

REQUEST FOR PRODUCTION NO. 22

Any and all DOCUMENTS, including but in no way limited to agreements and correspondence, sent to and received from YOU and FDMSC, for the period of November 1, 2001 to the present: (a) that in any way relate to services that PSW provided to H & H, and (b)

that in any way relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H.

REQUEST FOR PRODUCTION NO. 23

Any and all DOCUMENTS, including but in no way limited to agreements and correspondence, sent to and received from YOU and FFMC, for the period of November 1, 2001 to the present: (a) that in any way relate to services that PSW provided to H & H, and (b) that in any way relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H.

REQUEST FOR PRODUCTION NO. 24

Any and all DOCUMENTS, including but in no way limited to agreements and correspondence, sent to and received from YOU and FDC, for the period of November 1, 2001 to the present: (a) that in any way relate to services that PSW provided to H & H, and (b) that in any way relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H.

REQUEST FOR PRODUCTION NO. 25

Any and all DOCUMENTS, including but in no way limited to agreements and correspondence, sent to and received from YOU and SGS, for the period of November 1, 2001 to the present: (a) that in any way relate to services that PSW provided to H & H, and (b) that in any way relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H.

RESPONSE TO REQUEST FOR PRODUCTION NOS. 19-25

Defendants object that this Request is improperly compound. Defendants further object that this Request is vague and ambiguous, particularly the unintelligible phrase "that in any way

relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H." Defendants further object that this Request calls for documents that are confidential. Defendants further object that this Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing, Defendants respond as follows:

To the extent that they understand this Request, Defendants will produce responsive documents in their possession, custody and control which concern PSW's processing of credit card transactions on behalf of Plaintiff.

WHY A FURTHER RESPONSE IS NECESSARY

In each of the afore-noted requests, Defendants assert that the phrase "that in any way relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H." The excerpted language is indeed vague and ambiguous. As such, Plaintiff clarified the language to mean "all documents, including but in no way limited to agreements and correspondence, exchanged between on or both of the Defendants and the _____ that relate to PSW's merchant processing business." The ________, or blank, was filled in by the name of the particular entity referenced in the subject request. More specifically, the following entity names were inserted into the blank corresponding to the subject request:

Request 19: Visa

Request 20: MasterCard

Request 21: First Financial Bank

Request 22: First Data Merchant Services Corporation

Request 23: First Financial Management Corporation

Request 24: First Data Corporation

Request 25: Shared Global Systems

In response to the clarified request, defense states in its February 17, 2006 letter that, "Non-privileged correspondence will be produced, if they exist." See Exhibit 4 to the Lee Affidavit for a copy of Defendants' responsive M&C letter dated February 17, 2006. Plaintiff knows responsive documents exist from communications Defendants publicized in their own press releases and from the text of the Complaint filed by PSW in PSW v. VISA, *et al.* pending before this Court where responsive communications are detailed. Despite this, no documents and/or privilege log has been produced by Defendants to supplement this response.

REQUEST FOR PRODUCTION NO. 27

Any and all DOCUMENTS that constitute agreements or correspondence between YOU and Canas Holdings Limited, Thin Line Corporation, N.V. and Paola Limited, including but not limited to its officers, directors, agents, employees, attorneys, accountants, and investigators, for the period of November 1, 2001 to the present: (a) that in any way relate to services that PSW provided to H & H, and (b) that in any way relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27

Defendants object that this Request is improperly compound. Defendants further object that this Request is vague and ambiguous, particularly the unintelligible phrase "that in any way relate to the provision by PSW to any other merchant of services substantially similar to such services provided by PSW to H & H." Defendants further object that this Request calls for documents that are irrelevant to Plaintiff's claims.

WHY A FURTHER RESPONSE IS NECESSARY

Plaintiff clarified the vague and ambiguous portion of this request in its M&C letter and simultaneously addressed the balance of Defendants' objections. In response, Defendants morph into the judge and jury by stating, "As explained in the MSJ, H&H's fraud claim must fail as a matter of law, regardless of what told to these parties. They are not parties to this matter. And they are not parties to your client's contract." Defendants' conclusory position is flat wrong, and its flawed analysis has been refuted in Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Defendants cannot hide behind a erroneous position to side-step its production obligations.

As to the objection based on irrelevancy grounds, the documentation requested relates to three entities that claim a combined amount of over $375,000 owed to them by Defendants. The manner in which Defendants explained their non-payment to these Clients is relevant to furthering Plaintiff's theory that Defendants made systematic misrepresentations to many of its Clients to delay and avoid its payment obligations. Indeed, a review of the Complaint the entities jointly filed in the Southern District of Florida captioned Canas Holdings Limited v. P.S.W., Inc. et al. reveals allegations of fraud against both Defendants that are strikingly similar to the allegations raised in the instant case.

REQUEST FOR PRODUCTION NO. 32

All DOCUMENTS constituting financial records of PSW from November 27, 2003 through November 2005 that reflect income, expenses and all disbursements.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32

Defendants object that this Request calls for information that is confidential and proprietary. Defendants further object that this Request calls for information that is irrelevant.

Defendants object that this Request is overbroad. Defendants further object that this request is unduly burdensome, and is designed solely to harass.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

Document requests leading up to the subject request have sought: (a) the name of all Clients to which PSW provided processing services, (b) the amount that was due, overdue or otherwise yet to be paid to each of PSW's Clients as of November 27, 2003, (c) the amount that was actually paid to Clients from November 2003, (d) disbursements made by or on behalf of PSW from November 27, 2030 onward, and (e) disbursements made directly or indirectly to Lombardi, Lombardi's family members and/or Lombardi-related entities. This request is designed to further crystallize how monies were handled by Defendants after processing stopped on November 27, 2003. Again, Plaintiff alleges that Defendants breached payment obligations to the large majority of its Clients and used the large majority of company funds for their own purposes after processing stopped on November 27, 2003, including pursuing an antitrust claim against various entities that Plaintiff alleges was primarily pursued as a diversionary tactic. Compelling production of PSW records that reflects income, expenses and all disbursements after November 27, 2003 furthers discovery on a central allegation raised by Plaintiff.

REQUEST FOR PRODUCTION NO. 34

All DOCUMENTS that in any way evidences, provides a factual basis, supports or are otherwise relevant to substantiating any of your 11 affirmative defenses as set forth in YOUR Answer filed in this action on or about June 2, 2004.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34

This is an improperly compound request. Furthermore, the Agreement is in Plaintiff's control already, as are Plaintiff's records concerning their affiliate program and the resulting

spam (RFP Nos.12-13). Once the latter is produced to defendants, we will provide new Bates' stamp numbering and send it back to you.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

As stated in the M&C letter, "The substance of this request is simple and clear: to the extent not already being produced in response to any of the foregoing requests, all documents either of the Defendants will rely on to support any of their affirmative defenses." Defendants have yet to produce so much as one document concerning Plaintiff's "affiliate program" or "spam," let alone any documents concerning any other affirmative defense. As defense counsel is well aware, discovery is a mechanism designed to compel opposing parties to identify and produce the information and documents they will be relying on to support and/or defend their case. Unless Defendants have no responsive documents and have failed to articulate the same, a full and complete response to this request is still outstanding.

Respectfully submitted,

H & H INTERNET, N.V.
By its counsel,

Mark C. Hadden #3101
Law Office of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, Rhode Island 02903
401-274-0909
FAX 401-274-5455

Michael Jason Lee
Law Offices of Michael Jason Lee, APLC
California Bar # 206110
15281 Normandie Avenue
Irvine, California 92604
(949) 551-1575
FAX (949) 551-1590

## CERTIFICATION

I certify that a copy of the within pleading was forwarded to the counsel below, by United States mail, postage prepaid, on the 2nd day of March, 2006.

TO:

Matthew J. Leonard Hand Delivery
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street
The Heritage Building
Providence, Rhode Island 02903

David Paul Steiner
David Steiner & Associates, PLC
1925 Century Park East, Suite 2350
Los Angeles, California 90067