UNITED STATES DISTRICT COURT
FOR THE DISRICT OF RHODE ISLAND

FILED
MAR 0 2 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| H & H INTERNET, N.V., a Netherlands corporation,<br><br>Plaintiff,<br><br>v.<br><br>P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | Case No. 04-324L |

**PLAINTIFF H & H INTERNET N.V.'S MOTION TO COMPEL RESPONSES TO ITS DOCUMENT PRODUCTION REQUESTS (SET TWO)**

Plaintiff moves to compel full and complete responses to its second set of document production requests. In support of the same, it submits to the Court the attached memorandum of law, along with the affidavit of Michael Jason Lee and the exhibits attached thereto.

Respectfully submitted,

H & H INTERNET, N.V.
By its counsel,

Mark C. Hadden #3101
Law Office of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, Rhode Island 02903
401-274-0909
FAX 401-274-5455
mhadden@mhaddenlaw.com

Michael Jason Lee
Law Offices of Michael Jason Lee, APLC
California Bar # 206110
15281 Normandie Avenue
Irvine, California 92604
(949) 551-1575
FAX (949) 551-1590

CERTIFICATION

I certify that a copy of the within pleading was forwarded to the counsel below, by United States mail, postage prepaid, on the 2nd day of March, 2006.

TO:

Matthew J. Leonard HAND DELIVERY
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street
The Heritage Building
Providence, Rhode Island 02903

David Paul Steiner
David Steiner & Associates, PLC
1925 Century Park East, Suite 2350
Los Angeles, California 90067

UNITED STATES DISTRICT COURT
FOR THE DISRICT OF RHODE ISLAND

| | |
|---|---|
| H & H INTERNET, N.V., a Netherlands corporation,<br><br>Plaintiff,<br><br>v.<br><br>P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | Case No. 04-324L |

**PLAINTIFF H & H INTERNET MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO ITS DOCUMENT PRODUCTION REQUESTS (SET TWO)**

## I. DEFENDANTS FAILED TO PROVIDE FULL AND COMPLETE RESPOSES TO THE OVERWHELMING MAJORITY OF DOCUMENT PRODUCTION REQUESTS (SET TWO) PROPOUNDED BY PLAINTIFF

A total of 32 document production requests were propounded on Defendants P.S.W., Inc. ("PSW") and John Lombardi ("Lombardi") (collectively, "Defendants") by Plaintiff H & H Internet, N.V. ("Plaintiff"). See Exhibit 1 to the Affidavit of Michael Jason Lee ("Lee Affidavit") for a copy of Plaintiff's second set of document production requests. Regrettably, to date, Defendants failed to provide full and complete responses to the subject discovery. See Exhibit 2 to the Lee Affidavit for a copy of Defendants' responses to Plaintiff's second set of document production requests. Plaintiff endeavored to resolve all the deficiencies through a comprehensive "meet and confer" letter ("M&C letter"), see Exhibit 3 to the Lee Affidavit. Note that the overwhelming majority of reasons set forth below herein regarding why Plaintiff is

entitled to additional responses were set forth in full in the M&C letter. The efforts were to no avail; Defendants responded to the M&C letter on February 17, 2006 in a manner clearly designed to deflect and further delay Plaintiff's efforts to secure discovery to which it is entitled. See Exhibit 4 to the Lee Affidavit for a copy of Defendants' letter of February 17, 2006. As such, Plaintiff has been forced to move forward with this motion to request an Order from the Court compelling full and complete responses from Defendants.

A. *Frustrating the discovery process*

Defendants produced a grand total of 0 documents in response to the 32 distinct document production requests. These numbers speak for themselves in terms of the manner Defendants have fulfilled – or more precisely, failed to fulfill – their discovery obligations to date.

B. *Objections based on confidentiality, proprietary and privacy rights*

In response to request for production numbers 9, 12 and 29, Defendants raise objections claiming they call for confidential and proprietary responses and/or violates the privacy rights of its Clients. Without exception, Defendants failed to articulate in any manner the basis for the confidentiality, proprietary or privacy assertions. Without exception, Defendants have not offered to produce documents to any of the three requests in which these objections were raised pursuant to a protective (confidentiality) order.

Notwithstanding the foregoing, Plaintiff offered to enter a protective order with Defendants covering the document responsive to Plaintiff's document production request to resolve the purported confidentiality and privacy issues in an expedient manner. Plaintiff's suggestion was ignored. Instead, defense counsel unmistakably conveyed that their clients would refuse to produce responsive information absent a Court Order.

Plaintiff requests an Order from the Court compelling Defendants to provide full and complete responses to each without further delay.

C. *Responses to be Compelled*

Set forth below are the document production requests to which Plaintiff asserts full and complete responses are still pending.

REQUEST FOR PRODUCTION NO. 9

Any and all DOCUMENTS reflecting an accounting of PSW's credit card processing activities through eSHAX.com, including the number of transactions, transactions approved, dollar volume of transactions approved, all debits and deductions (including chargebacks, refunds, fines and fees), all remittances to H & H and reserve funds taken and held.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9

PSW objects that this Request requests information that violates PSW's clients confidential and proprietary information.

WHY ADDITIONAL INFORMATION IS NECESSARY

Defendants raise an objection based on grounds of confidentiality and proprietary information. As noted above, Defendants failed to respond to Plaintiff's invitation to put the directly relevant responsive documentation under the guide of a protective (confidentiality) order.

Further, the commentary of defense counsel in its February 17, 2006 letter corresponding to this request is most perplexing. See Exhibit 2 to the Lee Affidavit for a copy of Defendants' responsive M&C letter dated February 17, 2006. Defense counsel first states in response to Plaintiff's search for documents, "You should explore this in great detail at Lombardi's deposition, which could have occurred months ago, as there are no documents." However,

defense counsel states later in the same paragraph, "[W]e are attempting to isolate the supporting figures for H&H, but will not provide those for the other client or PSW, because that is irrelevant to H&H's claims." First, it appears that initial comments to the contrary, there are indeed responsive documents; to date, no such documents have been produced. Second, defense counsel evidently believes this request is sufficiently relevant to recommend to Plaintiff that it "should explore this in great detail at Lombardi's deposition."

This request is also centrally relevant Plaintiff's claim and Defendants' defense in several other ways. Defendants are claiming that the overwhelming majority of monies Plaintiff has not received were processed through eSHAX.com, that eSHAX.com has not paid PSW in excess of $200,000 and that approximately $80,000 of that corresponds to Plaintiff's processing for which it has not been paid. PSW then claims it has no written agreement with eSHAX.com and that no substantive efforts to recover the subject funds have been undertaken.

Plaintiffs are entitled to explore the particulars of Defendants' relationship with eSHAX.com, including the particulars of the transaction records that, to a large degree, reportedly involve Plaintiff's transactions. Moreover, Plaintiff is certainly entitled to verify Defendants' calculations relating to processing that Defendants channeled through eSHAX.com, especially given: (a) Defendants now claim that 95%+ of Plaintiff's processing for which it has not been paid went through eSHAX.com, (b) Defendants calculate that over 1/3 of the allegedly unpaid monies from eSHAX.com is attributable to Plaintiff despite Plaintiff being but one of hundreds of merchants that PSW was processing on behalf of, and (c) Plaintiff's assertion that Defendants have repeatedly misrepresented their intentions to pay back monies owed to Plaintiff in the past.

REQUEST FOR PRODUCTION NO. 32

Any and all DOCUMENTS substantiating that the entire history of PSW's communications with its CLIENTS shows a company bending over backwards to help its clients retrieve their money.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32

The litigation pleadings against ECB and First Data.

WHY AN ADDITIONAL RESPONSE IS NECESSARY

In its February 27, 2006 letter, defense counsel states that "[s]ome pre-litigation correspondence will be produced." (See Exhibit 2 to the Lee Affidavit.) Nothing has been produced. All documents responsive to this request, outside of those Plaintiff can access on PACER that correspond to "the litigation pleadings against ECB and First Data," need to be produced.

Respectfully submitted,

H & H INTERNET, N.V.
By its counsel,

Mark C. Hadden #3101
Law Office of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, Rhode Island 02903
401-274-0909
FAX 401-274-5455

Michael Jason Lee
Law Offices of Michael Jason Lee, APLC
California Bar # 206110
15281 Normandie Avenue
Irvine, California 92604
(949) 551-1575
FAX (949) 551-1590

CERTIFICATION

I certify that a copy of the within pleading was forwarded to the counsel below, by United States mail, postage prepaid, on the 2nd day of March, 2006.

[signature]

TO:

Matthew J. Leonard Hand Delivery
Salter McGowan Sylvia & Leonard, Inc.
321 South Main Street
The Heritage Building
Providence, Rhode Island 02903

David Paul Steiner
David Steiner & Associates, PLC
1925 Century Park East, Suite 2350
Los Angeles, California 90067