UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

| | |
|---|---|
| H&H INTERNET, N.V., a Netherlands: corporation<br><br>v.<br>P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | Case No.: 04-324-L |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER; DECLARATION OF DAVID PAUL STEINER**

NOW COMES Defendant PSW, Inc. hereby files its Motion for a Protective Order to prevent the deposition of PSW's attorney David Steiner from proceedings and protecting David Steiner from having to produce documents protected by the attorney-client privilege, attorney work-product protection and or the right of privacy. In support of this Motion, Defendants submit herewith an accompanying Memorandum of Points and Authorities and the Affidavit of David Paul Steiner and any other facts of which this Court may properly take judicial notice, oral argument, and such other evidence as this Court may properly be presented at a subsequent hearing.

DATED: February 28, 2006

Defendants, by their attorneys,

MATTHEW J. LEONARD (RI State Bar # 6297)
Salter McGowan Sylvia & Leonard, Inc.
The Heritage Building
321 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-0300
Facsimile: (401) 453-0073

DAVID PAUL STEINER, Pro Hac Vice approved
CA State Bar # 064638
David Steiner & Associates, a PLC
1925 Century Park East, Suite 2350
Los Angeles, CA 90067
Telephone: (310) 557-8422
Facsimile: (310) 556-0336

UNITED STATES DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

| | | |
|---|---|---|
| H&H INTERNET, N.V., a Netherlands: corporation | ) | |
| v. | ) | Case No.: 04-324-L |
| P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER;
DECLARATION OF DAVID PAUL STEINER**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. STATEMENT OF FACTS.

PSW, Inc. ("PSW") is a provider of credit card processing services for Internet websites, including those owned by Plaintiff. John Lombardi ("Lombardi") is the founder and CEO of PSW. On November 9, 2001, Plaintiff and PSW entered into a written integrated contract, pursuant which PSW processed credit card transactions on behalf of Plaintiff. Pursuant to that agreement:

> The Company shall pay to the Client, if, as and when received from the Credit Card Service Company, the net amount payable by the Company hereunder with respect to such Customer Charges.

In other words, the clear terms of the integrated agreement specify that Plaintiff is only owed money from monies actually received by PSW from a Credit Card Service Company that processed Plaintiff's transaction.[1]

[1] These facts are more completely discussed in the pending and unopposed Motion for Summary Judgment and supporting affidavits.

PSW initially processed Plaintiff's Mastercard transactions through First Data and Visa transactions through ECB. ECB stopped processing Plaintiff's Visa transactions on July 28, 2003. On September 30, 2003, PSW sued ECB and others in the Southern District of Florida. As already declared by Michael Perreault and supported by the accounting spreadsheets on file herein, on October 1, 2003, PSW wired Plaintiff $7,601.75, which constituted an expedited liquidation of the last of the reserve fund pertaining to Plaintiff's processing with ECB. At this point, ECB did not hold any money pertaining to H&H.

This matter was settled on December 15, 2003. In early 2004, the net proceeds (after reasonable legal fees) were distributed to PSW, and by PSW to its customers whose money was still being held by ECB at that time. As stated in the MSJ, unbeknownst to PSW and its counsel at the time, Plaintiff was not owed any of this money in December 15, 2003.

On August 16, 2004, PSW sued First Data and others, in the Rhode Island District Court. This case is still pending.

In January 2004, Plaintiff hired Janet Conway, a collections agent, to seek funds from PSW. Ms. Conway and David Steiner & Associates, specifically attorney David Steiner (collectively, "Steiner"), apparently had a settlement discussion attempting to resolve the matter, which is purportedly paraphrased in the First Amended Complaint. Steiner does not deny having this conversation, but asserts under oath that he has no recollection of it, and thus could not currently testify as to it. Steiner affidavit, ¶2.

On February 17, 2006, Plaintiff served Steiner with a subpoena, seeking not only his deposition testimony, but also the following categories of documents:

1. Communications with the defendants in the ECB litigation (*i.e.*, settlement

communications).

2. Communications with the defendants in the First Data litigation (*i.e.*, settlement communications).

3. Communications with PSW's accountant and Steiner's client (*i.e.*, privileged and work-product material)

4. Evidence of any payment related to the ECB settlement (*i.e.*, confidential information).

1. Information regarding who was paid money from the ECB settlement, and how much money is still in the trust account (*i.e.,* confidential and right of privacy protected information).

5. The fees collected by David Steiner & Associates as a result of work done on the ECB settlement.

6. Communications between David Steiner and Plaintiff.

## II. THIS DEPOSITION SHOULD NOT BE PERMITTED TO OCCUR.

It is well established that a "party seeking to take the deposition" of the opposing counsel must show "that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (1st Cir. 1986).

There are good reasons for this stringent protection:

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to

> resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the "chilling effect" that such practice will have on the truthful communications from the client to the attorney is obvious.

Id.

PSW continues to contend that Plaintiff has unprofessionally included FRE 408 communications in the FAC, and will move to bar them from trial. To the extent Plaintiff seeks to depose Steiner about the settlement negotiations with ECB and First Data, these matters necessarily involve his strategic thinking and discussions with the client, both of which implicate the attorney-client privilege and/or attorney work-product protection. To the extent that Plaintiff seeks to depose Steiner about the discussions with Conway, they can and have obtained the information from her directly. As Steiner has no recollection of the conversation, there is nothing he can add to it. Moreover, this conversation is irrelevant, since it cannot be used to establish liability as a misrepresentation or otherwise, per FRE 408. To the extent that Plaintiff seeks to depose Steiner about the firm's discussions with Perreault, they are privileged, as Perreault will be represented by Steiner at his deposition, and are work-product created at the behest of Steiner's firm. Therefore, Plaintiff simply cannot establish grounds to support the taking of this deposition.[2]

## III. THESE DOCUMENTS SHOULD NOT BE PRODUCED.

---

[2] Moreover, PSW has professionally refrained from subpoenaing Plaintiff's counsel to determine when they were retained, as such an action would also impact the issue of reasonable reliance.

All written communications between Steiner and Perreault were in the context of preparing the Motion for Summary Judgment and as such they constitute attorney work-product. The fee earned by Steiner in the ECB litigation is protected by the attorney client privilege and his own right to privacy, which cannot be overcome in the instant case where the settlement did not concern Plaintiff's account. Regardless, everything but his fee was remitted to PSW promptly.

Steiner is, however, willing to produce any written communications between himself and First Data and Conway, if any exist.

## IV. CONCLUSION

Based upon the foregoing, it is respectfully requested that PSW's Motion be granted and a protective order be entered.

DATED: February 28, 2006

Defendants, by their attorneys,

MATTHEW J. LEONARD (RI State Bar # 6297)
Salter McGowan Sylvia & Leonard, Inc.
The Heritage Building
321 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-0300
Facsimile: (401) 453-0073

DAVID PAUL STEINER, Pro Hac Vice approved
CA State Bar # 064638
David Steiner & Associates, a PLC
1925 Century Park East, Suite 2350
Los Angeles, CA 90067
Telephone: (310) 557-8422
Facsimile: (310) 556-0336

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have, on this date, served a copy of Defendants Joint Motion For A Protective Order and Affidavit Of David Paul Steiner on the persons listed below by first-class mail, postage prepaid.

Mark C. Hadden, Esq.
Law Offices of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, RI 02903

Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee
15281 Normandie Avenue
Irvine, CA 92604

Date: February 28, 2006

**UNITED STATES DISTRICT COURT**
**FOR THE STATE OF RHODE ISLAND**

| | | |
|---|---|---|
| H&H INTERNET, N.V., a Netherlands: corporation<br><br>v.<br>P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | Case No.: 04-324-L |

**AFFIDAVIT OF DAVID PAUL STEINER**

I, David Paul Steiner, do hereby declare:

1. I am an attorney at law, duly licensed to practice by the State of California, admitted *pro hac vice* by this Court, and attorney of record for Defendants herein. I make this declaration of my own personal knowledge and could and would testify thereto under oath.

2. Plaintiff alleges that its collection agent Janet Conway spoke with me via telephone in January 2004. I have absolutely no memory of this conversation and could not testify to what was said therein under oath. However, I do know that while negotiating the ECB Settlement, I believed that the settlement concerned money that may have pertained to Plaintiff. It was not until later that this inaccurate belief was corrected.

3. Defendants' counsel Stephen Ross spent 3.0 hours working on this Motion at a billing rate of $295/hour.

I declare that the foregoing is true and correct pursuant to the laws of the State of Rhode Island and the United States.

Executed this 24th day of February, 2006, at Los Angeles, California.

David Paul Steiner

F:\Data\INCORPOR\PSW\H & H Internet\Motion for protective order 2.2.06.doc