**UNITED STATES DISTRICT COURT**
**FOR THE STATE OF RHODE ISLAND**

| | | |
|---|---|---|
| H&H INTERNET, N.V., a Netherlands corporation,<br><br>v.<br><br>P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | Case No.: 04-324-L |

**DEFENDANTS MOTION TO STRIKE PORTIONS OF DECLARATIONS OF MICHAEL JASON LEE, JANET CONWAY AND C. MICHAEL CONWAY, III AND THE ENTIRETY OF THE UNSIGNED DECLARATION OF MICHAEL LePOUTRE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

TO PLAINTIFF AND TO HIS ATTORNEY OF RECORD HEREIN:

Defendants PSW, Inc. ("PSW") and John Lombardi ("Lombardi") (collectively "Defendants") hereby file a motion to strike portions of the Declarations of Michael Jason Lee, Janet Conway and C. Michael Conway, III, and the entirety of the unsigned Declaration of Michael LePoutre filed in support of their Opposition to Defendants' Motion for Summary Judgment:on the grounds of hearsay, lack of personal knowledge and lack of foundation. The Motion will be based on this Notice of Motion, the accompanying memorandum of points and authorities and any other facts of which this Court may properly take judicial notice, oral argument, and such other evidence as this Court may properly be presented at the hearing.

DATED: March 4, 2006

MATTHEW J. LEONARD
RI State Bar # 6297
Salter McGowan Sylvia & Leonard, Inc.
The Heritage Building
321 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-0300
Facsimile: (401) 453-0073

DAVID PAUL STEINER, Pro Hoc Vice approved
CA State Bar # **064638**
**David Steiner & Associates, a PLC**
**1925 Century Park East, Suite 2350**
**Los Angeles, CA 90067**
Telephone: (310) 557-8422
Facsimile: (310) 556-0336

Attorneys for Defendant PSW, Inc. and
John Lombardi

**UNITED STATES DISTRICT COURT**
**FOR THE STATE OF RHODE ISLAND**

| | | |
|---|---|---|
| H&H INTERNET, N.V., a Netherlands corporation,<br><br>v.<br><br>P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 04-324-L |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO STRIKE PORTIONS OF DECLARATIONS OF MICHAEL JASON LEE, JANET CONWAY AND C. MICHAEL CONWAY, III AND THE ENTIRETY OF THE UNSIGNED DECLARATION OF MICHAEL LePOUTRE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION AND STATEMENT OF FACTS.

PSW is a provider of credit card processing services for Internet websites, including those owned by Plaintiff. Lombardi is the founder and CEO of PSW. On or about November 9, 2001, Plaintiff and PSW entered into a written contract, pursuant which PSW processed credit card transactions on behalf of Plaintiff. Plaintiff alleges that PSW breached the contract by failing to remit a portion of the collected monies to Plaintiff, and by using Plaintiff's money in the pursuit of other entities that hold Plaintiff's money. Further, Plaintiff alleges that Lombardi and PSW repeatedly misrepresented to Plaintiff when it would be fully paid. Defendants contend that the Agreement dictates that Plaintiff is only to be paid when the money is actually received from the respective bank, there has been no written *and signed* amendment to or modification of the Agreement, and that Plaintiff has been fully paid with regard to all monies actually received by PSW from the banks that processed those particular transactions.

Marc LePoutre, who is no longer an employee of Plaintiff, and who failed to sign his affidavit, is the only representative of Plaintiff who corresponded with Defendants during from November 9, 2001 to January 8, 2004. Collection agents Janet and Michael Conway, and attorney Michael Jason Lee, were apparently retained by Plaintiff in January 2004.

On January 30, 2006 Defendants moved for summary judgment, after having indicated in a facsimile dated December 8, 2005. On the day before the Opposition was due, and without having noticed a single deposition, Plaintiff filed a one-paragraph "Objection." On February 21, 2006, Plaintiff's moved for an extension of time to respond, without meeting First Circuit standards or even attempting to plead good cause. On February 23, 2006, Plaintiff filed their opposition to Defendants' motion for summary judgment and related declarations of Michael Jason Lee, Janet Conway and C. Michael Conway, III, and an unsigned declaration of Michael LePoutre, who was supposedly unreachable until March 1.

## II. LEGAL ARGUMENT

Federal Rule of Civil Procedure, Rule 56(e) requires that declarations or affidavits submitted in support of, or in opposition to, a motion for summary judgment be based on personal knowledge, state facts that would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein.

### A. Unsigned Declaration of LePoutre.

An unsigned declaration must be striken as a matter of course. Cordero-Soto v. Island Finance, Inc., 418 F.3d 114, 120 (1st Cir. 2005) (noting that affidavit contained "improbable inferences, conclusory allegations, or rank speculation"); Mason v. Clark, 920 F.2d 493, 495 (8th

Cir. 1990).[1]

**B. Hearsay and Personal Knowledge**

Generally, hearsay involves a (1) statement (2) made out of court (3) offered to prove the truth of the matter asserted. FRE 801. Thus, a statement in a declaration opposing a motion for summary judgment which is barred under the hearsay rule should be stricken.

Declarations are also limited to matters within the personal knowledge of the declarant, *i.e.*, what a witness saw, heard or otherwise experienced with their own senses. FRE 602 Adv. Comm. Notes (1972). No declaration may be based "on information and belief." Cadle Co. v. Hayes, 116 F.3d 957, 961 (1st Cir. 1997).

A declaration made by someone who was not employed by the company at the time the events took place is by definition, not of the declarant's own personal knowledge. Nieves-Luciano v. Hernandez-Torres, 397 F.3d 1, 5 (1st Cir. 2005) (events after leaving employment); Perez v. Volvo Car Corp., 247 F.3d 303, 316 (1st Cir.2001) (facts prior to employment).

The mere statement that the declaration is made of one's own personal knowledge is not sufficient to establish the requisite personal knowledge and competency required by Rule 56. Bank Melli v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir. 1995).

A declaration by an attorney opposing a motion for summary judgment is limited to matters of which the attorney has personal knowledge, such as the authenticity of a deposition

---

[1]Note also that if Plaintiff eventually submits a signed declaration from LePoutre and it varies from the unsigned version, it would be an abuse of discretion to not consider this for sanctions against lawyer, client or declarant. Trullis v. Barton, 107 F.3d 685, 693 (9th Cir. 1995).

transcript. "An attorney's affidavit not made on his own personal knowledge of the facts, but merely stating what he believes or what he intends to prove at trial, does not measure up to the requirements of Rule 56(e)." Isaacs v. Mid America Body & Equipment Co., 720 F.Supp. 255, 257 (EDNY 1989), *quoting* 6 Moore's Federal Practice par. 56-22[1], at 56-570 (2d ed. 1988).

**C. Opinion Testimony**

Opinion testimony from lay witnesses is admissible under FRE 701 only if it is "rationally based on the perception of the witness and ... helpful to a clear understanding of the witness' testimony or the determination of the fact in issue." Alexis v. McDonald's Restaurants of Massachusetts, Inc., 67 F.3d 341, 347 (1st Cir. 1995); FRE 701.

The only exception to this rule is for the testimony of expert witnesses. FRE 702, 703. The expert must be qualified and there must be a factual basis for the opinion. Id., The declaration must still meet the requirements of Rule 56(e) of setting forth specific facts showing there is a genuine issue for trial. In re Paoli, 915 F.2d 829, 863 (3rd Cir. 1990).

**D. Lack of Foundation**

The requirement of personal knowledge also includes an obligation to disclose the source of their personal knowledge. A bare statement that they are "aware" of the subject matter of their testimony is insufficient to establish the foundation required for personal knowledge. Ward v. First Fed'l Sav. Bank, 173 F.3d 611, 617-618 (7th Cir. 1999).

**E. Conclusory statements and Improbably Inferences**

In addition, a party must use evidentiary facts, not conclusions, to oppose a motion for summary judgment. National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997). In Cordero-Soto, the First Circuit rejected a collection of "improbable inferences,

conclusory allegations, or rank speculation" 418 F.3d at 120.

## III. ANALYSIS OF THE FOUR DECLARATIONS

### A. DECLARATION OF MICHAEL JASON LEE

**Page 1, Paragraph 3**

"PSW has not followed all corporate formalities, let alone the simplest and most routine of corporate formalities, namely timely annual filings."

Objections: lack of personal knowledge and foundation. This statement is impermissibly conclusory. See National Steel at 502. In addition, Mr. Lee is not an expert qualified to assess PSW's corporate compliance, nor determine what is a "simple" or "routine" "corporate formalit[y]." Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233. The exhibits speaks for themselves, and state only that Defendant has no annual reports "in its possession, custody or control," that PSW's counsel failed to file two annual reports after the events of this matter, and the company was reinstated.

**Page 1, Paragraph 3**

"The State of Rhode Island does, in fact, require private corporation - including PSW - to file Annual Reports."

Defendants object on the grounds of personal knowledge and foundation. Mr. Lee is providing his non-expert opinion without referring to the source of such knowledge. Thus, this statement lacks foundation and personal knowledge. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 1, Paragraph 4**

"To date, PSW has yet to produce a fully executed copy of the Agreement, thereby bringing into question the enforceability of any provision otherwise governing how changes to the Agreement are to be made."

Defendants object on the grounds of foundation and personal knowledge. Mr. Lee's conclusion that provisions of the agreement are unenforceable because a countersigned copy of the agreement has not yet been produced (it isn't in Defendants' possession) is nonsensical and fails to provide a factual or legal basis for questioning the enforceability of the agreement. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 2, Paragraph 6**

"Setting aside the fact that this provision is highly ambiguous, the question arises: how is Credit Card Service Company being defined?"

Defendants object on the grounds of personal knowledge. Mr. Lee's statement is impermissibly conclusory. See National Steel at 502. In addition, his belief that the provision is "highly ambiguous" is merely non-expert opinion, and given that he has not been identified as an expert witness in this matter, his opinion testimony is inadmissible and must be stricken. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 2, Paragraph 6**

"There is no definition is [sic] provided in the Agreement itself, which is remarkable oversight given that payments from PSW to its hundreds of Client [sic] on a weekly basis were

supposedly contingent upon receipt of monies from an undefined entity."

Defendants object on the grounds of hearsay and personal knowledge. Mr. Lee again is providing his non-expert opinion regarding provisions in the Agreement which are inadmissible. Mr. Lee lacks the personal knowledge to assert testimony regarding contingent payments as he fails to set forth the foundation for such knowledge. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 3, Paragraph 7 & Related Exhibit 8**

"Attached as Exhibit 8 is a true and correct copy of a 'Joint Pretrial Stipulation' filed by Defendants in a case presently pending [sic] the United States District Court, Western District of Florida (Case No. 05-10008) where Defendants are defending allegations remarkably similar to those raised in the instant case.

Defendants object on the grounds of hearsay, personal knowledge and foundation. Mr. Lee's statement regarding the similarity of the allegations is merely non-expert opinion. The document identified and attached as Exhibit 8 is hearsay as it is a written statement, made outside the confines of this action, offered to show proof of the similarity of Defendants' allegations. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 3, Paragraph 7**

"Merchant banks and card member associations are two distinct types of entities and certainly would not be appropriate for grouping under the amorphous subject description 'Credit Card Service Company.'"

Defendants object on the grounds of hearsay and lack of personal knowledge. Mr. Lee

has not been identified as an expert in this matter. Thus, his opinion testimony is inadmissible and must be stricken. In addition, Mr. Lee lacks the personal knowledge to make conclusions regarding the grouping of types of banking related entities to make the above statement and fails to disclose the source of such knowledge. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 3, Paragraph 7**

"As ambiguous terms are to be construed against the drafter, the proper interpretation of this provision is a question of fact to be decided upon at trial."

Defendants object on the grounds of hearsay, foundation and personal knowledge. This statement is an obvious attempt to create a genuine issue of fact. However, Mr. Lee's statement is based on his opinion and fails to identify the source of his alleged knowledge of this matter. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 3, Paragraph 8 & Exhibit 9**

"Attached as Exhibit 9 is a true and correct copy of a press release issued by PSW on or about July 3, 2003 discussing new regulations being implemented by Visa."

Defendants object on the grounds of hearsay. Lee has not set forth a foundation to establish that this document was issued by PSW. This exhibit and related statements in the declaration of Mr. Lee constitute a written statement, made outside of court, offered to prove the truth of matters regarding PSW's discussion of Visa regulations. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 3, Paragraph 8**

"Acting as the spokesperson on behalf of the company is none other than Matthew Gardner ("Gardner"), who is identified is [sic] an Executive Vice President of PSW."

Defendants object on the grounds of hearsay, personal knowledge and foundation. Mr. Lee is again referencing Exhibit 9, which is hearsay. In addition, he refers to Mr. Gardner as a "spokesperson," and what he claims as Mr. Gardner's true title, but fails to identify the source of these conclusions. If it is based solely on the alleged press release attached as Exhibit 9, it must be stricken because it is based on hearsay. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 3, Paragraph 8**

"This title is in direct conflict with Defendants' assertion that Gardner was a low-level employee not authorized to speak on behalf of PSW."

Defendants objects on grounds of personal knowledge and foundation. Conclusory. Mr. Lee does not have the requisite personal knowledge to make this assertion. He cannot declare based on his personal knowledge that Mr. Gardner was "not authorized to speak on behalf of PSW" because such statements are not based on his own sight, hearing or experience with his own senses. He also fails to identify the source of his beliefs regarding Gardner's status at PSW. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 4, Paragraph 10**

"The August 3 & 6 postings speak for themselves, including the fact that postings, made under from [sic] the screen name 'PSW Billing Solution' concerns a substantial number of

present events."

Defendants object on the grounds of hearsay and personal knowledge. Mr. Lee refers to postings which are hearsay because they are statements made out of court offered as proof of certain facts in this matter. In addition, Mr. Lee lacks the personal knowledge to make opinion and conclusory statements based on this postings. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**Page 4, Paragraph 11**

"Based on the conspicuous, not to mention highly questionable, absence of any documentation to corroborate its position, Plaintiff denies that Deutsche Bank and/or eSHAX.com are holding $84,523.83 of its money."

Defendants object on the grounds of hearsay and personal knowledge. Mr. Lee is merely stating his opinion about the significance of the lack of availability of certain documentation. This is unfounded non-expert opinion testimony that must be stricken. In addition, he has no personal knowledge regarding the statement made as he has admittedly has not viewed documents relating to this matter. Mr. Lee is Plaintiff's attorney and his testimony is limited to matters of which his has personal knowledge. See Roundtree at 233.

**B. DECLARATION OF JANET CONWAY**

**Page 1, Paragraph 2**

"The August 1 Notice was riddled with inaccurate information."

Defendants object on the grounds of foundation. Ms. Conway fails to identify the source of her belief that the Notice contained inaccurate information. In addition, her statement is

impermissibly conclusory. See National Steel at 502. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703. Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in August 2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316.

**Page 1, Paragraph 2**

"By way of select examples, the August 1 Notice falsely reports that 'PSW is health and running at full speed.'"

Defendants object on the grounds of foundation. Ms Conway cannot declare that the Notice made included inaccuracies based on her personal knowledge because she fails to identify the source of her knowledge. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703. Conway is providing an impermissible lay opinion. FRE 701. Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in August 2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316.

**Page 1, Paragraph 2**

"Moreover, as of the August 1 Notice, PSW was consistently missing payments to Plaintiff."

Defendant objects on the grounds of personal knowledge and foundation. She also fails to identify the source of her knowledge. In addition, her statement is impermissibly conclusory. See National Steel at 502. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703. Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in August

2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316.

**Page 1, Paragraph 2**

"Needless to say, PSW was not running at full speed; perhaps more appropriately, it was screeching to a halt."

Defendants object on the grounds of personal knowledge. In addition, the statement is impermissibly conclusory. See National Steel at 502. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703. Conway is providing an impermissible lay opinion. FRE 701. Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in August 2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316.

**Page 2, Paragraphs 3-5**

These are not declarations of fact.

**Page 2, Paragraph 6**

"His Statement is false."

Defendants object on the grounds of personal knowledge and foundation. Ms. Conway is merely expressing her opinion and fails to identify the source of her knowledge. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703. Conway is providing an impermissible lay opinion. FRE 701. Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in August 2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316.

**Page 2, Paragraph 6**

"PSW and Lombardi (collectively referred to as the 'Defendants') knew at the time the

August 6 Notice was issued that the self-described 'cash flow crunch' was not over."

Defendants object on the grounds of hearsay and personal knowledge. Ms. Conway cannot testify as to what PSW knew because she is neither employed, nor an officer in that company. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703.

**Page 2, Paragraph 7**

"Defendants were fully cognizant that its remaining Clients, one of which was Plaintiff, were closely following their public commentaries."

Defendants object on the grounds of personal knowledge. Ms. Conway cannot testify as to what Defendants were cognizant of. Ms. Conway is prohibited from asserting facts which are not within her personal knowledge. Further, there is no factual basis for this statement.

**Page 2-3, Paragraph 7**

"The September 9, 2003 and November 12, 2003 articles (see Lombardi Aff., Exhibits G & H.), communications Defendants knew Plaintiff would be reviewing with interest, contained falsities uttered by Lombardi."

Defendants object on the grounds of hearsay and personal knowledge. Ms. Conway does not have personal knowledge that Defendant knew Plaintiff would be reviewing these communications, nor does she personally know that they contained falsities. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703. Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in August 2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316.

**Page 3, Paragraph 7**

"The Visa and Mastercard organizations ignored the letter, but PSW did not file suit as it aggressively promised."

Defendants object on the grounds of hearsay and foundation. Ms. Conway's statement is based on inadmissible evidence from another lawsuit, which is not related to or joined to the present action in any way. In addition, Ms. Conway fails to identify the source of her beliefs and impermissible conclusion regarding Visa and Mastercard's lack of response and the timing of the lawsuit by PSW. Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in August 2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316.

**Page 3, Paragraph 7**

"Indeed, rather than filing in two weeks, it did not file until August 16, 2004 - 47 weeks later."

Defendants object on the grounds of personal knowledge and foundation. Ms. Conway lacks the personal knowledge to make this statement as she is neither a party nor attorney in the referenced action. In addition, she fails to disclose the source of her alleged personal knowledge.

**Page 3, Paragraph 8**

"The PSW statement released on or about November 27, 2003 (the 'November 27 Notice') (see Lombardi Aff. Exhibit J) is also laden with false statements."

Defendants object on the grounds of hearsay and foundation. Ms. Conway cannot testify regarding the falsity of statements in a statement issued by PSW, which she did not write, nor can directly contradict with admissible evidence which is personally wrote, viewed or heard. In

addition, her belief about the falsity of statements is inadmissible opinion testimony and must be stricken. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703.Conway is providing an impermissible lay opinion. FRE 701. Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in August 2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316.

**Page 3, Paragraph 8**

"Clearly, PSW did not 'fight the fight' for 'as long as it takes' for Plaintiff or any other Clients owed money by eSHAX.com, as it was evidently content to let these monies go uncollected without any fight whatsoever."

Defendants object on the grounds of personal knowledge and foundation. Her opinion testimony as to the meaning or extent of Defendants' actions is inadmissible. In addition, Ms. Conway fails to identify the source of her alleged personal knowledge as to Defendants' "content" to not collect monies "without any fight." Impermissible conclusion. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703.Conway is providing an impermissible lay opinion. FRE 701. Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in August 2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316.

**Page 4, Paragraph 9**

"Indeed, Plaintiff is informed and believes that PSW has subsequently been fined approximately $940,000 by MasterCard for serious violations of MasterCard's rules and regulations."

Defendants object on the grounds of hearsay and personal knowledge. Ms. Conway

cannot make statements in a declaration opposing Defendants' motion for summary judgment based on information and belief. Case law clearly prohibits these types of statements and deems that they are to be denied any weight. Cadle Co., 116 F.3d at 961. The statement is not based on her personal awareness of these facts, fails to disclose the source of the information and appears to be based on something someone else told her.

**Page 4, Paragraph 11**

"Plaintiff submits that somewhere along the way Lombardi forgot to heed his own advice."

Defendants object on the grounds of personal knowledge and foundation. Ms. Conway cannot submit her opinion regarding Lombardi's actions in a declaration opposing a motion for summary judgment. This statement is merely her lay opinion and fails to disclose the facts, and their source. This is impermissibly conclusory.

**Page 5, Paragraph 12**

"Lombardi's statements are designedly misleading and without any real substance."

Defendants object on the grounds of personal knowledge. Ms. Conway lacks the ability to assert that Lombardi's statements were designed to be misleading. She did not write those statements and cannot assert the intention or substance of such statements. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703.

**Page 5, Paragraph 14**

"Nevertheless, in the interest of completeness, it bears noting that my investigations in this case reveal that Lombardi's actions demonstrate an unmistakable objective of frustrating

Plaintiff's efforts to collect monies they are owed."

Defendants object on the grounds of hearsay and personal knowledge. It is unclear which investigations Ms. Conway is referring to and thus unclear the source of this statement. In addition, her statement appears to be based on information which is likely hearsay and inadmissible. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703. This is an impermissible lay opinion and conclusion.

**Page 6, Paragraph 15**

"I hereby verify the truth of paragraphs 20 and 24 of the plaintiff's Amended Complaint filed with this court dated November 10, 2004, and am the 'recovery agent' there identified. I here re-state and incorporate those paragraphs in full and their trust as part of this affidavit."

Defendants object on the grounds of hearsay and violation of FRE 408. Ms. Conway cannot subsequently verify portions of a prior complaint and incorporate them into a declaration opposing a motion for summary judgment. Ms. Conway's attempt to do so is both improper and should be stricken as hearsay.

**Page 4, Paragraph 11**

"Plaintiff submits that somewhere along the way Lombardi forgot to heed his own advice."

Defendants object on the basis of hearsay. Ms. Conway is merely stating her lay opinion. Further, Ms. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703

**C. <u>DECLARATION OF MARC LePOUTRE</u>**

As stated above, this declaration is unsigned and cannot be accepted into evidence. However, Defendants seek to preserve their objections for any appeal.

**Page 1, Paragraph 2**

"The spreadsheet attached as Exhibit 4 to the Affidavit of C. Michael Conway is a true and accurate copy of the actual spreadsheet Plaintiff maintained to track data, much of which was taken from information maintained in a password protected area on PSW's webstie, relating to its processing activities with P.S.W., Inc. ("PSW"). The document was assembled and maintained by Plaintiff in the normal course of business."

Defendants object on the grounds of hearsay and personal knowledge. Mr. LePoutre's attempt to authenticate Exhibit 4, which is attached to another declaration, falls short of the requirements of the Rule 56(e). LePoutre lacks the requisite personal knowledge to authenticate or certify the spreadsheets. In addition, the spreadsheet is inadmissible hearsay because it is a statement, created outside of court, offered to prove the truth of Plaintiff's accountings.

**Page 2, Paragraph 5**

"However, Lombardi did not follow through on his promise, as he failed to report receipt of any settlement funds, which is especially notable since I am informed and believe that PSW received at least two separate payments that totaled nearly $1 million."

Defendants object on the grounds of personal knowledge and foundation. Mr. LePoutre admits that he lacks the personal knowledge to make this statement. Mr. LePoutre cannot make statements in a declaration opposing Defendants' motion for summary judgment based on information and belief. Case law clearly prohibits these types of statements and deems that they are to be denied any weight. Cadle Co., 116 F.3d at 961. In addition, Mr. LePoutre fails to

identify the source of this alleged information.

**Page 2, Paragraph 6**

"Plaintiff did not 'immediately' agree to transfer its processing to eSHAX.com"

Defendants object on the grounds of personal knowledge and foundation. Mr. LePoutre's statement fails to identify the source of this information. In addition, he lacks the personal knowledge to make this intentionally ambiguous, and thus evidentially useless statement (is 72 hours less immediate than 48 hours, such that Defendants' point is not established?).

**Page 2, Paragraph 6**

"It only did so after Lombardi contacted Plaintiff and, through several discussions, advised Plaintiff of the immediate and seamless processing eSHAX.com could offer. Lombardi further assured Plaintiff that he would monitor the relationship to better ensure everything went smoothly"

Defendants object on the grounds of hearsay. Mr. LePoutre's statement is inadmissible because it is based on alleged discussions made outside of court between third parties, of which he did not participate. Further, he is not currently, nor ever was, an officer of H&H Internet, and thus cannot make statements based on personal knowledge on behalf of Plaintiff.

**Page 2, Paragraph 7**

"Plaintiff monitored PSW's posting on the bulletin boards maintained on the GFY website."

Defendants object on the grounds of personal knowledge, in that LePoutre has no personal knowledge that PSW posted anything on the bulleting boards. Mr. LePoutre is not currently, nor ever was, an officer of H&H Internet, and thus cannot make statements based on

personal knowledge on behalf of Plaintiff. In addition, he fails to establish that he had an opportunity to observe these postings and that he actually observed the monitoring of these postings.

**Page 3, Paragraph 7**

"Plaintiff relied on Defendants' representations to better gauge the health and viability of PSW, namely the reliability of its processing services, its commitment to continue processing despite processing obstacles created through new processing regulations and its commitment to recovering funds allegedly withheld by third parties. It was these very representations that caused Plaintiff to continue processing with PSW, which it would not have done had it correctly been correctly advised of the actual risks of continuing to process with PSW"

Defendants object on the grounds of personal knowledge. Mr. LePoutre is not currently, nor ever was, an officer of H&H Internet, and thus cannot make statements based on personal knowledge on behalf of Plaintiff. This is impermissibly conclusory. In addition, his attempt to manufacture Plaintiff's alleged reliance is particularly troublesome given his failure to cite even one source of this alleged information or date upon which the postings were observed, so the court could determine whether any steps were actually taken after a given posting was viewed.

**Page 3, Paragraph 8**

"Lombardi was well aware that Plaintiff and other Clients of PSW closely monitored the information PSW was publically disseminating, including information posted on the GFY bulletin board by PSW."

This statement has no foundation as to how LePoutre knows that PSW was posting anything, or the date upon which Lombardi first learned of the postings.

**Page 3, Paragraph 9(b)**

"I am informed and believe that PSW still has yet to satisfy a balance owed to Plaintiff that I recall was approximately $142,000 as of the date I left my position as financial manager for Plaintiff."

Defendants object on the grounds of hearsay and personal knowledge. Mr. LePoutre cannot testify upon information and belief in a declaration opposing a motion for summary judgment. In addition, it appears that this statement is based on information told to him by Plaintiff, and is thus hearsay.

**Page 3, Paragraph 10**

"The two emails...sidestep providing clear and accurate information and make promises regarding his intention to make plaintiff whole. Regardless of whether or not Defendants and Plaintiff were in an 'adversarial posture', Plaintiff still expected Lombardi to be truthful and true to his word."

Defendants object on the grounds of personal knowledge and hearsay, as well as expert opinion and improper conclusion. Mr. LePoutre cannot testify as to the expectations of a third party. This is clearly outside the realm of personal knowledge and is impermissible.

**D. DECLARATION OF C. MICHAEL CONWAY**

Michael Conway has not been disclosed or certified as an expert witness, and neither a report, curriculum vitae, nor any underlying documentation has been produced. Therefore, this entire declaration should be stricken per FRCP 26(e).

**Page 1, Paragraph 3**

"This assertion is incorrect."

Defendants object on the grounds of personal knowledge and foundation. Mr. Conway lacks the personal knowledge to make this statement. In addition, he fails to identify the source of his belief that Plaintiff was owed money from ECB. Further, Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this conclusory statement. See FRE 702, 703

**Page 1, Paragraph 4 and Exhibit 4**

"As reflected by Exhibit 4, Plaintiff has still yet to be paid for processing relating to ECB for the following five time periods:

June 27 - July 3, 2003

July 4 - July 10, 2003

July 11 - July 17, 2003

July 18 - July 24, 2003

July 25 - July 31, 2003"

Defendants object on the grounds of hearsay and personal knowledge. The spreadsheet attached as Exhibit 4 has not been authenticated as required by FRCP 56(e). See also Orr v. Bank of America, NT & SA, 285 F.3d 764, 777 (9th Cir. 2002). In addition, Exhibit 4 and all references to it should be stricken as hearsay. Further, Mr. Conway's statements regarding Plaintiff's not being paid for these time periods should also be stricken as hearsay and for lack of personal knowledge. Mr. Conway fails to disclose how he came to the conclusion that Plaintiff had not been paid from ECB during those time periods; the spreadsheet does not, on its face, reference ECB. Thus, it appears that Mr. Conway's assessment is conclusory, lacks factual basis and is merely an attempt to create a genuine issue of material fact in order to withstand

Defendants' motion for summary judgment. Further, Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703

**Page 2, Paragraph 4**

"The majority of this balance emanates from ECB processing, whereas the balance relates to what I will term First Data-processing. [This balance does not include a substantial sum of additional monies that are owed that were originally withheld by PSW as reserve funds. However, in the interest of simplicity, I will limit my analysis herein to unpaid processing funds since it serves the purpose of clearly undercutting any notion that Plaintiff had been paid all the monies it was due from ECB-processing.]"

Defendants object on the grounds of hearsay and personal knowledge. Mr. Conway's conclusions are based on evidence (Exhibit 4) which is inadmissible under the hearsay doctrine. Despite Mr. Conway's assertion to the contrary, there is no evidence from the spreadsheet, or any other source, that the "majority of this balance emanates from ECB processing." In addition, Mr. Conway asserts that the alleged $24,116.66 still owed to Plaintiff does not include other "substantial" monies originally (allegedly) withheld as reserve funds by Defendants. However, he fails to identify the source of his assertion, and thus lacks the ability to make this assertion based on his own personal knowledge. Further, Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703

**Page 2, Paragraph 5**

"Plaintiff is still owed money from ECB-processing, yet it did not receive any distributions from the ECB settlement."

Defendants object on the grounds of hearsay and foundation. Mr. Conway again makes a

conclusory and baseless assertion that Plaintiff is owed money from ECB processing without providing the source of such alleged knowledge. In addition, this information is likely hearsay as it appears to again be based on Exhibit 4, which is inadmissible. Further, Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703. Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in December 2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316.

**Page 2, Paragraph 5**

"As such, Plaintiff is reasonably entitled to an accounting of the nearly $1 million in settlement funds PSW received from ECB in order to understand how the funds have been allocated."

Mr. Conway's statement is an impermissible legal conclusion. Defendants object on the grounds of personal knowledge and foundation. He fails to identify the source of his belief that Plaintiff is entitled to an accounting of the ECB settlement monies, and that the amount of those monies was nearly $1 million. Mr. Conway's assertion, without any authenticated, admissible evidentiary support is insufficient to establish that Plaintiff is owed any funds from ECB. Further, Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703

**Page 2, Paragraph 6**

"If Lombardi supposedly first learned of the discrepancy in late January 2004, it fails to explain why Plaintiff did not receive any remittances from mid-December 2003 to late-January 2004, as Lombardi promised Plaintiff monies upon receipt from ECB and it is Plaintiff's understanding that at least two large settlement payments were received by PSW during this

interim period. See LePoutre Aff. at ¶ 4-5"

Conway was not retained by Plaintiff until January 2004, and cannot testify as to the state of events in December 2003. Nieves-Luciano, 397 F.3d at 5; Perez, 247 F.3d at 316. Defendants object on the grounds of hearsay and personal knowledge. Mr. Conway makes references to Lombardi promising to pay Plaintiff monies received from ECB, yet fails to identify the source of such information. In addition, such (alleged) statements would nonetheless be admissible as hearsay as they were made outside of court. Further, Mr. Conway cannot cite to an unsigned, unsubstantiated and largely inadmissible declaration as factual support for his assertion that Defendant received "two large settlement payments" from ECB during that period. Further, Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703

**Page 2, Paragraph 7**

"The 'Affidavit of Michael G. Perreault, CPA' ('Perreault') attached to Defendants moving papers is of limited value and misleading in any event."

Defendants object on the grounds of personal knowledge and foundation. Mr. Conway's statement is merely conclusory. In addition, he fails to identify the source of his belief that Perreault's declaration is "of limited value and misleading." This statement is neither a statement made of his own personal knowledge and experience, nor is it based on any cognizable and relevant standard of expert analysis. See National Steel at 502. Further, Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703

**Page 3, paragraphs 7(a) and 8**

The declaration speaks for itself, and Perreault has not been identified as an expert witness; rather, he is the company's CPA, who acted as an unofficial controller. Lombardi's declaration authenticates them.

**Page 3, paragraph 7(b)**

Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703

**Page 3, paragraph 7(c)**

Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for this statement. See FRE 702, 703

**Page 4, paragraph 9**

Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for these statement. See FRE 702, 703

**Page 4, paragraph 10**

Mr. Conway is not qualified to make this statement as an expert, nor is there a factual basis for these statement. See FRE 702, 703

**Page 5, paragraph 11**

Conway has absolutely no firsthand knowledge with which to conclude the source of PSW's financial of its legal actions.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike these portions of the Plaintiff's declarations.

DATED: March 4, 2006

MATTHEW J. LEONARD
RI State Bar # 6297
Salter McGowan Sylvia & Leonard, Inc.
The Heritage Building
321 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-0300
Facsimile: (401) 453-0073

DAVID PAUL STEINER, Pro Hoc Vice approved
CA State Bar # **064638**
**David Steiner & Associates, a PLC**
**1925 Century Park East, Suite 2350**
**Los Angeles, CA 90067**
Telephone: (310) 557-8422
Facsimile: (310) 556-0336

Attorneys for Defendant PSW, Inc. and
John Lombardi

**UNITED STATES DISTRICT COURT**
**FOR THE STATE OF RHODE ISLAND**

| | | |
|---|---|---|
| H&H INTERNET, N.V., a Netherlands corporation, | ) | |
| v. | ) | Case No.: 04-324-L |
| P.S.W., INC., a Rhode Island corporation, d/b/a PSW BILLING; and JOHN LOMBARDI, individually, | ) | |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have, on this date, served a copy of the **DEFENDANTS MOTION TO STRIKE PORTIONS OF DECLARATIONS OF MICHAEL JASON LEE, JANET CONWAY AND C. MICHAEL CONWAY, III AND THE ENTIRETY OF THE UNSIGNED DECLARATION OF MICHAEL LePOUTRE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** on the persons listed below by first-class mail, postage prepaid.

Mark C. Hadden, Esq.
Law Offices of Mark C. Hadden
68 Kennedy Plaza, Suite 3
Providence, RI 02903

Michael Jason Lee, Esq.
Law Offices of Michael Jason Lee
15281 Normandie Avenue
Irvine, CA 92604

Date: March 4, 2006